## COLLINS et al. v. CITY OF PHŒNIX.

(Circuit Court of Appeals, Ninth Circuit. December 6, 1920.)

No. 3525.

**1. Dedication ⬤⟿44—Evidence held to establish dedication of street.**

The making of a plat of an addition to a city by the proprietor, showing a full-width street, one-half of which was on his land, which plat was adopted by city ordinance and filed as the official plat of the addition, together with evidence of the continuous use of the street by the public for more than 20 years, *held* to establish a dedication.

**2. Dedication ⬤⟿1—No particular form essential.**

All that is required to constitute a dedication of land for a street is the assent of the owner of the land and the fact that it has been used for the public purpose intended.

Appeal from the District Court of the United States for the District of Arizona; David P. Dyer, Judge.

Suit in equity by Julia Mosher Collins and others against the City of Phœnix. Decree for defendant, and complainants appeal. Affirmed.

This litigation involves the title to a strip of land within the boundaries of the city of Phœnix, Ariz. The strip is 33 feet wide, and extends from the

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

east side of Center street also called Central avenue running east 704 feet along the north side of the section line between sections 8 and 5, township 1 N., range 3 E., Gila and Salt River base and meridian, Maricopa county, Ariz., to a point; thence north 33 feet to a point; thence west 704 feet to a point; thence south 33 feet to the place of beginning.

The appellants, Collins and others, assert ownership in fee, and allege that they and their predecessors in interest have been in undisturbed possession for 48 years and upwards; that there never has been a dedication to the public of any part of the tract; and that, while appellants, for the convenience of their employés and tenants, heretofore left an open space and driveways through certain parts of the strip, and permitted the public to travel over the strip, no right has ever been recognized as possessed by the city of Phœnix.

The plea of the city is that, from the time the title to the strip was acquired from the United States by the predecessors in interest of the appellants, the public has used and occupied the same with the full knowledge and consent of the plaintiffs and their predecessors in interest as a public highway or street, and that the city has been in open, notorious, adverse, and exclusive possession and control of the strip as a part of the street devoted and dedicated to public uses.

Upon trial to the court it was found that the city had been in exclusive and notorious and peaceable possession and control of the strip for more than 20 years, and had used and occupied the same as a public highway and street; that the strip, more than 20 years before the commencement of the suit, had been dedicated by the plaintiffs and their predecessors in interest to the public as a public highway and street of the city of Phœnix, and that such dedication was duly accepted by the public and the city, and that since the acceptance the strip had been part of Van Buren street in the city of Phœnix; that neither plaintiffs nor their predecessors in interest were the owners or had been in possession of the strip at any time during the period of at least 20 years before the commencement of the suit.

The legal conclusion was that the city was in lawful possession and control, with authority to improve and to control the strip as a public highway and street of the city; that plaintiffs had no right, title, or interest in the land or any part thereof; and that judgment should be entered in favor of the city and against the plaintiffs.

J. B. Woodward, of Phœnix, Ariz., for appellants.

Richard E. Sloan and James E. Nelson, both of Phœnix, Ariz., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). The plaintiffs' contention is that the findings are against the weight of evidence; that the evidence fails to show that there was any dedication of the strip in issue; that the right to travel over the strip had been merely a permissive one; that the ownership in fee of the strip was in plaintiffs since 1881; and that no adverse right by use for 20 years had been acquired by the city.

[1] The evidence was that the board of supervisors, on March 18, 1871, ordered that all section lines within Maricopa county be declared to be highways or roads 4 rods wide; "that is to say, 33 feet on each side of said line, and that said roads shall be opened by order of the board of supervisors whenever they shall deem it expedient." On May 15, 1871, the board ordered that "the public highway be opened, commencing at the northeast corner of section 8, running thence west on the north line of said section north of Phœnix." H.

R. Patrick, a civil engineer and surveyor, said that he was very familiar with the Lount tract, which had included the strip in question, and many years before was employed by Lount's predecessors to survey the line along the south side of Van Buren street. Mr. Patrick said:

"First, I posted a block at the southeast corner of section 5, and stationed my instrument at the quarter corner between section 5 and section 8, which is the southwest corner of the quarter section—southwest corner of the southeast quarter section—and would be at the intersection of the center line of Center street and the center line of Van Buren street; quarter section corner. From that point I ran the line to establish the section line between section 8 and section 5, and then at the proper point, using the legal description of the part that was being conveyed to Dr. Conyers, I set off the 33 feet for the county road on the north side of the section line. I laid off that line 33 feet north of the section line, from the quarter section corner east to the southeast corner of the Conyers tract. That embraced the same property afterwards known as the Lount tract, and I located the south line of the Lount tract 33 feet north of the section line between 5 and 8. The line extended from Center street into what is now Second street, and along the present block lines or lot lines, I think, of the tracts as they are now subdivided. When I made that survey there was no fence on the section line. * * * There was nothing on the section line that struck my view in looking through from corner to corner."

It also appeared that in 1888 what was called the Lount tract, in which appellants include the strip in controversy, was platted as part of "Churchill addition" to the city of Phœnix. This plat showed Van Buren street as full width, 66 feet, from east to west. In 1898 the city of Phœnix filed with the county recorder of Maricopa county the official plat of the Churchill addition to the city of Phœnix, whereon the Lount tract was divided into blocks, with Van Buren street full width. The city of Phœnix, by Ordinance No. 275, passed September 7, 1898, adopted the plat just referred to as the official plat of Churchill addition, which included the Lount tract, and ordained that the position and location, course, width, and length of all streets and public ways were correctly shown upon the official plat, and that all streets and public ways shown were declared to be public and dedicated to public use and benefit at large, subject to the exclusive control and management of the common council of the city in manner provided by law. On March 4, 1895, the city, by ordinance, established the grade of Center street from Van Buren to the center of Jackson street, and on March 22, 1909, the city, by ordinance, gave block numbers to the Lount tract in Churchill addition.

It appeared that by deed dated September 21, 1881, B. L. Conyers and Isabelle, his wife, conveyed to William B. Lount a certain piece of ground, commencing at the intersection of Van Buren and Center streets in the city of Phœnix, on the east side of Center street and the north side of Van Buren street, and running thence east along the line of said Van Buren street 754 feet to a post; thence north 714 feet to a post; thence west 761 feet to a post; thence south 712 feet to the place of beginning. Various other deeds in the chain of title show warranty deed of January 8, 1903, from Hattie L. Mosher, widow, to Julia Lount, conveying the east half of the block of land in Churchill addition to the city of Phœnix, bounded on the north by Polk street,

on the east by First street, on the south by Van Buren street, and on the west by Center street. There was also a deed from Julia Lount to W. W. Moore, dated February 4, 1904, conveying certain lots and blocks in the Lount tract, and describing Van Buren street as constituting the south line of the Lount property. Another deed of warranty, dated April 30, 1908, was by Hattie L. Mosher to Julia W. Mosher, conveying all of the east half of that block of land in Churchill addition, bounded on the north by Polk street, on the east by First street, on the south by Van Buren street, and on the west by Center street.

Turney, who had been engineer of the city of Phœnix, made a survey of the tract known as the Lount tract after 1902, for William B. Lount, one of the plaintiffs, and said that Mr. Lount had told him that the map of Lount's subdivision of Churchill's addition, which he could not then find, had been made by a former city engineer, by prolonging the exact boundary lines of all streets in Churchill's addition and in surrounding streets, Van Buren and Central avenue; that big block corners had been set in the field. Witness said that he went into the field with his instrument, and prolonged all the boundary streets and intersecting streets on exact straight lines of those streets, and that he found the corners as Mr. Lount had described them, and that he measured the blocks and found they conformed exactly with the blocks in Churchill addition; that he then gave the blocks and lots numbers in accordance with the ordinance of the city; that afterwards, in 1913, Mr. Lount asked witness to make a survey of a lot in the Lount tract, and that he did make a survey, and could tell from the survey that the lines of the block conformed to the present Van Buren street exactly. Another witness, a surveyor, testified that he had taken a description given in a decree of distribution that was made in the estate of Julia A. Lount in 1908, and that he had determined the south line of the property involved, and that, as it stood at the time of his testimony, the building on the northeast corner of Central and Van Buren streets is exactly on the property line, 33 feet north of the section line. In speaking of "Central avenue" as on the plat, the witnesses referred to what was "Center street" in the deeds described.

There was also the evidence of the city manager of Phœnix that he had known Van Buren street, between Center and Second, for about 17 years, and that there had been no change in the width of that street during that time. The deputy city assessor and tax collector of Phœnix testified that the records in his office showed assessment of the Lount property by lots and blocks according to the official survey of Churchill addition, and that no assessment had been made upon any part of Van Buren street claimed by plaintiffs.

There was some difference in the testimony of the witnesses concerning the existence of a fence where the present street line is on the south side of the Lount tract; but, as such conflict has been resolved in favor of the defendant, we will not disturb the finding.

The Revised Statutes of Arizona of 1913, tit. 7, c. 2, pars. 1891 and 1896, from the act of April 12, 1893 (Laws 1893, No. 72, art. 11), relating to the official plats of additions to cities, provide that when an addition to a town is laid out the proprietors shall make an ac-

curate map showing streets, alleys, and highways, and the width thereof, lots and blocks, with their boundaries and numbers and dimensions, and requiring such maps to be acknowledged by the proprietor, the plat then to be filed and recorded, and that upon filing of the map or plat "the fee of all streets, alleys, avenues, highways, parks and other parcels * * * reserved * * * to the * * * public, shall vest in such town, in trust, for the uses therein named and expressed." Par. 1895. Paragraph 1896 requires that all additions shall be surveyed and platted and the map submitted to the common council.

[2] Upon all this evidence we think that the court properly held that there was a dedication of the strip in controversy for highway and street purposes. The right of use or travel over which appellants concede was given was more than a mere license; it was in accord with an intent to dedicate to the public use. No particular form or ceremony is necessary to dedicate land to a public use. "All that is required is the assent of the owner of the land, and the fact of its being used for the public purposes intended by the appropriation." Cincinnati v. White, 6 Pet. 431, 8 L. Ed. 452; London & San Francisco Bank v. Oakland, 90 Fed. 691, 33 C. C. A. 237.

The judgment is affirmed.