[Civil No. 3858.   Filed November 22, 1937.]

[73 Pac. (2d) 698.]

TOWN OF HOLBROOK, a Municipal Corporation, Appellant, v. T. J. KOURY, Appellee.

Mr. W. E. Ferguson, for Appellant.

Mr. W. Dean Nutting, for Appellee.

ROSS, J.—This is an action to foreclose the right to redeem lots 22, 23, and 24, block 21, Zuck addition to the town of Holbrook, Navajo county, from a sale thereof by the county treasurer on December 14, 1932, for state and county taxes assessed against them in the sum of $243.36 for the year 1931.   At such sale the property was purchased by the state, to which was issued by the county treasurer a certificate of purchase.   Thereafter, on August 20, 1936, the state, acting through the county treasurer, sold and assigned

such certificate of purchase to the plaintiff, T. J. Koury, for the sum of $888.75; such sum being the amount of taxes levied against said property for the years 1931 to 1935, inclusive.

The complaint alleges the property was assessed to J. R. McLaughlin, who, together with George C. Morse and Susie R. Morse, is made a defendant as owning or claiming some interest in the premises. The town of Holbrook, a municipal corporation, is also made a defendant with the allegation that the town claims a lien or interest in the premises by virtue of a paving assessment levied against them. The defendants were served with process, but the town of Holbrook is the only defendant that filed an answer. McLaughlin, the record shows, was present at the trial and represented by counsel, but filed no answer. The town's answer consists of a general demurrer and the assertion that its special assessment lien for paving is superior to that of the state for general taxes.

This form of action, in aid of the purchaser of property sold for delinquent taxes and his heirs and assigns (including the state), is provided for in chapter 103, Laws of 1931, and amendments thereof (see Rev. Code Supp. 1936, §§ 3065o to 3065z32). The statute defines the proceeding as a civil action governed, as to commencement, pleadings, trial, judgment, etc., by the provisions concerning civil actions generally (section 3065z19, Id.), and while its purpose is to cut off the right of redemption by those entitled to redeem, we can see no good reason why the town may not be made a party. At all events, it has not objected on the ground of misjoinder.

The only question presented is whether the state and county general tax lien is prior and superior to the town's lien for paving assessments. The trial court held that the general tax lien was the first and superior lien, and we are of the opinion that this deci-

sion is correct under our laws. It is the rule that the legislature, unless prevented by the Constitution, may place liens for general taxes and special assessments for street improvements upon the same basis, or may make either superior and prior to the other. 25 R. C. L. 188, § 101; 61 C. J. 932, § 1193; *Steinfeld* v. *State,* 37 Ariz. 389, 294 Pac. 834; *Carstens & Earles* v. *City of Seattle,* 84 Wash. 88, 146 Pac. 381, Ann. Cas. 1917A, 1070 and note 1079; *Bosworth* v. *Anderson,* 47 Idaho 697, 280 Pac. 227, 65 A. L. R. 1372 and note 1379. It is said in the note to the last case:

"In some of our states there are statutes that, in express terms make a lien for general taxes paramount to special assessment liens. In other states, the statute does not make the tax lien paramount, but implies as much; consequently, in determining the priority of the two cases, much depends on the construction the courts have placed on these various statutes."

We fall within the first class named, for our statutes, those providing for the general tax lien and those providing for the special assessment lien, "in express terms" make the former superior and prior to the latter. Section 3101, Revised Code of 1928, as amended by chapter 106, section 1, Laws 1931 (Rev. Code Supp. 1936, § 3101), contains the legislative determination with reference to the general tax lien, in this language:

"Every tax levied under the authority of this chapter upon real or personal property shall be a lien upon the property assessed. The lien shall attach on the first Monday in January in each year, and shall not be satisfied or removed until such taxes, penalties, charges and interest are all paid, or the property has finally vested in a purchaser under a sale for taxes. The lien shall be prior and superior to all other liens and encumbrances upon the property, except liens or encumbrances held by the state of Arizona."

The provision of the statute with reference to the lien of special assessments is:

"That the special assessments out of which said bonds are to be paid are first liens on the property assessed, subject only to the lien for general taxes and prior special assessments." Section 536, Rev. Code 1928.

Thus it will be seen that the legislature has taken extraordinary precautions to give the general tax lien priority. It has said twice, in effect, that such liens are prior and superior to special assessment liens. The statutes are so plain they interpret themselves. There can be no doubt from the language employed of the intention of the legislature.

It follows that the judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.