[Civil No. 4171.   Filed January 26, 1940.]

[98 Pac. (2d)  469.]

MARICOPA COUNTY, ED OGLESBY, Treasurer of Maricopa County, and STATE OF ARIZONA, Appellants, v. CITY OF PHOENIX, a Municipal Corporation, Appellee.

Mr. Joe Conway, Attorney General, Mr. Earl Anderson, Assistant Attorney General, Mr. Richard F. Harless, County Attorney, and Mr. Leslie C. Hardy, Assistant County Attorney, for Appellants.

Mr. Hess Seaman, City Attorney, and Mr. Henry S. Stevens, Assistant City Attorney, for Appellee.

LOCKWOOD, J.—This is an action by the City of Phoenix, a municipal corporation, hereinafter called plaintiff, against Maricopa County and the State of Arizona, hereinafter called defendants, Ed Oglesby, Treasurer of Maricopa County, and Southwestern Mfg. & Supply Co., a corporation, hereinafter called the company, to quiet the title of plaintiff to certain real estate described in the complaint.

Defendants answered, setting up that they have a lien on said property superior to any title of plaintiff. The case was heard by the court and judgment rendered in favor of plaintiff, whereupon defendants have appealed.

The facts are in no manner in dispute, the question merely being one of law. These facts may be stated as follows: On December 5, 1929, the company was the owner of the premises involved. On that date a lien for certain street improvements attached to the property, under the provisions of sections, 515, 533–536, Revised Code of 1928. The assessments to meet the bonds issued under the statute not having been paid by the owner of the property involved, it was sold to plaintiff under sections 539–544, Revised Code of 1928, and a deed conveying title, under the statute, was delivered to the latter on December 27, 1937, which deed was duly recorded. Defendants had assessed and levied taxes against the company for the years 1932–33–34–35–36 on its personal property and upon the real estate involved herein, and taxes for the years 1937 and 1938 on the real estate alone, and had later foreclosed the lien given by law for all these taxes against the real estate.

It was admitted at the trial by all parties that the lien of defendants for the real property taxes levied against said property for the year 1937 and all years prior thereto was superior to the title of plaintiff, but that all taxes levied subsequent to the recording of the deed of plaintiff above referred to were void.

It was contended by plaintiff that the lien of defendants for personal property taxes above referred to was subordinate to the lien for the special assessment on which plaintiff's title was based, while defendants maintained that such lien was superior to that of plaintiff. This is the only issue in the case.

We have had the respective priorities of tax and mortgage liens before us in a number of cases. The first in which any of the points involved in the present case was raised was *Walker* v. *Nogales B. & L. Assn.*, 28 Ariz. 484, 237 Pac. 1094, decided in 1925,

where the question of the respective priorities of liens for personal property taxes assessed to the owner of real estate and prior recorded mortgages on the real estate was concerned. We held that under the law as it existed at that time the lien of a mortgage upon real estate was inferior and junior to all tax liens for taxes upon that particular land, whether they attached before or after the mortgage, but was superior to tax liens for taxes levied upon other property of the same owner and attaching after the mortgage lien had attached. In the case of *Town of Holbrook* v. *Koury,* 50 Ariz. 526, 73 Pac. (2d) 698, we held that it was within the power of the legislature to declare the respective priority between various tax liens, and that the state and county tax lien for taxes levied on specific realty was prior and superior to the town's lien for paving assessments upon the same property, but did not discuss the question of whether this applied to personal property taxes which, by the law, were made a lien upon all the real estate of the owner of the personal property.

■ In the case of *Home Owners' Loan Corp.* v. *City of Phoenix,* 51 Ariz. 455, 77 Pac. (2d) 818, the question was raised again as to the relative superiority of tax liens for personal property taxes upon realty owned by the owner of the personal property, and mortgages upon the real estate. We cited our decision in the Walker case, *supra,* and then discussed subsequent legislation at considerable length, and concluded that the legislature had, in effect, first set aside and then restored the principle of law declared in the Walker case, *supra,* and that the final result was to reaffirm the rule laid down in that case that a lien for personal property taxes attaching to real estate after a realty mortgage was recorded was inferior to the mortgage lien. The statutes in effect

at the time of the decision in that case were the same as those in effect when the issues involved in the present one arose. The law then is that a paving assessment lien, being a lien upon real estate, is superior to a mortgage on the same real estate, even though the mortgage was recorded prior to the creation of the lien. Section 536, Revised Code of 1928. This mortgage, however, is superior to a lien upon the same real estate for the personal property tax which has attached after the recording of the mortgage. If we hold, in addition, that a personal property tax lien is superior to a paving assessment lien which attached before the personal property tax lien did, the situation may be stated in the following form: A, a paving assessment lien, is superior to B, a mortgage; B, the mortgage, is superior to C, a personal property tax lien; while C is superior to A. The absurdity of such a situation is obvious.

We think the correct solution of the problem involved is apparent when we stop to consider that the paving assessment lien is in effect, though not in actual form, a mortgage upon the specific property affected thereby, whose payment is guaranteed by the city. The bondholder had a mortgage upon the property as security for his bond, but if the indebtedness thus secured is not paid he is not, as in some states, put to the expense and trouble of foreclosing his mortgage. Under our law, the municipality, which has guaranteed the bonds, pays off the indebtedness, steps into the shoes of the bondholder and forecloses the lien securing the property, unless someone will repay the city the amount of its guaranty. *Wise* v. *First Nat. Bank of Nogales,* 49 Ariz. 146, 65 Pac. (2d) 1154.

If we thus consider the paving lien, it is apparent that it is of the same rank as a prior mortgage upon the property in question, and under the decision in

*Home Owners' Loan Corp.* v. *City of Phoenix, supra,* is inferior to the real property tax on the mortgaged property, but superior to the lien of the personal property tax which has been assessed against the realty.

We think this is the correct interpretation of the law applicable to the present case, and the judgment of the superior court is, therefore, affirmed.

ROSS, C. J., and McALISTER, J., concur.