179 P.2d 437

## ALLIED AMERICAN INV. CO. v. PETTIT et ux.

### No. 4915.

Supreme Court of Arizona.
April 14, 1947.

Kramer, Morrison, Roche & Perry, of Phoenix, for appellant.

Harold J. Janson, of Phoenix, for appellees.

LaPRADE, Judge.

This action was brought by appellees (plaintiffs below) for the purpose of securing an adjudication that Block 5 of Willow Addition, Maricopa County, Arizona, is a public park, and to enforce the asserted right of plaintiffs and others similarly situated to use the block for public park purposes. Such adjudication was made by the trial court. One of the defendants, Allied American Investment Company, the admitted owner of an asserted valid tax title to said premises, has appealed.

A resume of the evidence establishes these facts:

On March 26, 1913, Phoenix Title & Trust Company, Trustee, caused a plat of Willow Addition to be recorded in the office of the County Recorder of Maricopa County, on which plat Block 5 is marked "Park." The plat contains a formal dedication of the streets and alleys shown thereon, but makes no reference in specific words to any attempted dedication of Block 5 as a park. The property is not within any city or town. The entire addition was used for farming purposes as late as 1924 or 1925. Thereafter lots in the addition were sold and reference was made to the recorded plat in effecting such sales.

For many years nothing was built on Block 5, though children played on it from time to time.

Several purchasers of lots testified that they were induced to buy lots by virtue of the fact that Block 5 (an area 275 ft. x 350 ft.) was designated as a "Park," on a plat exhibited at the time of their purchases. At a time when there were approximately thirty resident householders in the subdivision, a voluntary and informal community water association was organized and this association located a well on the block and for a number of years developed domestic water for the residents of the subdivision.

No affirmative steps were taken by the county to accept the dedication of such block as a park. It was assessed for the purposes of taxation each year and taxes were levied against it. Taxes were paid on it for some years and then the owner ceased paying taxes. Finally, it was sold to the state for taxes. Appellant paid for and secured a certificate of purchase, and on May 3, 1943, a treasurer's deed issued to it.

On September 7, 1944, appellant entered into an agreement for the sale of this property to Howard P. Walker. Walker sold certain portions of the property to persons not parties to this action, and two dwelling houses were in the course of construction when this suit was commenced.

The trial court found that the assessment and levy of taxes and the sale for unpaid

taxes were valid, but concluded "* * * that the purchasers of Block 5, the Allied American Investment Company, took title to Block 5, Willow Addition, subject to its free use and enjoyment by plaintiffs and other purchasers of lots in Willow Addition as a public park." In other words the trial judge concluded, as a matter of law, that the purchaser at the tax sale acquired the fee, subject to a perpetual easement in favor of the public to use and enjoy the property for park purposes.

Appellant's assignments of error may be summarized as follows:

There is no evidence to support the court's findings or conclusion as to a common-law dedication of the property as a public park; and

All easements are extinguished by a valid sale for taxes.

In support of this last assignment, appellant submitted the following propositions of law:

I. A valid sale for taxes clothes the grantee with a new and complete title under an independent grant from the sovereign.

II. The Arizona statutory procedure to foreclose a tax lien is in rem against the property, and not in personam against the individual taxpayer.

III. Where, as in Arizona, the procedure to foreclose a tax lien is in rem, a sale of real property for taxes extinguishes all liens and easements.

IV. The formal dedication of the streets and alleys upon the plat negatives any intention to dedicate Block 5 as a public park.

■ In support of the first proposition of law appellant calls our attention to section 73-837, A.C.A.1939, and the holding of this court in Santos v. Simon, 60 Ariz. 426, 138 P.2d 896, and Hallenbeck v. Yuma County, 61 Ariz. 160, 145 P.2d 837. We are in accord with the holding in these cases to the effect that a valid sale for taxes clothes the grantee with a new and complete title under an independent grant from the sovereign (see section 73-506, A.C.A. 1939), free of any prescriptive title (Santos case), and all other liens and encumbrances upon the property, except liens and encumbrances held by the state. In construing our statutes relative to the character and quantity of the title conveyed by a tax deed, we have held that a tax title dissolves the lien of a town for paving assessments, Town of Holbrook v. Koury, 50 Ariz. 526, 73 P.2d 698; that the lien for personal property taxes assessed against the piece of property sold for taxes is released, County of Maricopa v. Arizona T. & E. Co., 56 Ariz. 518, 109 P.2d 618; and that a sale by a county treasurer of realty for delinquent state and county taxes discharges power district taxes, Hallenbeck case, supra. We have not had occasion to determine whether negative easements such as building and use restrictions are dissolved and discharged by the conveyance of a tax title from a sovereign. On this

subject we will make some observations later in the course of this opinion.

█ We are in accord with plaintiff's second proposition of law that the Arizona statutory procedure to foreclose a tax lien is in rem against the property and not in personam against the individual taxpayer. Its proposition is substantiated by our holding in Santos v. Simon, supra; Home Owners' Loan Corp. v. City of Phoenix, 51 Ariz. 455, 77 P.2d 818; and County of Maricopa v. Arizona T. & E. Co., supra.

For the moment we will pass appellant's third proposition of law. His fourth proposition is that the formal dedication of the streets and alleys upon the plat filed in the office of the county recorder negatived any intention to dedicate Block 5 as a public park. The material parts of the formal dedication are as follows:

"Willow Addition Dedication

"Know all Men by these Presents:

"That the Phoenix Title and Trust Company, Trustee, this 25th day of March, 1913, has subdivided into an addition to the City of Phoenix, Maricopa County, Arizona, under the name of Willow Addition, all of the Southeast quarter * * * and hereby publishes the accompanying plat as and for the plat of said Willow Addition, and hereby declares that said plat sets forth all lots, blocks, streets and alleys constituting said Willow Addition and gives the measurements and dimensions of each lot and block, street and alley therein; and that each lot and each block in said Willow Addition shall be designated by the number and each street therein shall be designated by the name that is given to each respectively in said plat; and the Phoenix Title and Trust Company, Trustee, *hereby dedicates to the public for the use and benefit of the public all streets and alleys in said Willow Addition.*" (Emphasis supplied.)

This instrument was duly acknowledged before an officer authorized to take acknowledgments of deeds.

█ Dedication is the intentional appropriation of land by the owner to some proper public use. Bessemer Land & Imp. Co. v. Jenkins, 111 Ala. 135, 18 So. 565, 56 Am.St.Rep. 26; People v. Marin County, 103 Cal. 223, 37 P. 203, 26 L.R.A. 659. The intention of the owner to set aside lands or property for the use of the public is the foundation and life of every dedication. See annotations in 7 A.L.R. 727; Ann.Cas. 1916D, 1079; and Ann.Cas.1917A, 1112. The general rule set forth in the text in 16 Am.Jur., Dedication, sec. 16, is as follows: "Neither a written grant nor any particular words, ceremonies, or a form of conveyance, are necessary to render the act of dedicating land to public uses effectual in common law. Anything which fully demonstrates the intention of the donor and the acceptance by the public works the effect. Words are unnecessary if the intent can be gathered from other sources.

288

* * *" See also Collins v. City of Phœnix, 9 Cir., 269 F. 219.

The doctrine of dedication by plat is summarized in 16 Am.Jur., Dedication, § 23, as follows: "The doctrine of dedication by plat is frequently connected with the sale of lots shown on the plat. The owner of a tract of land is held to dedicate such portions thereof as are designated for public use on the plat with reference to which he sells lots out of the tract. * * *" (Citing countless cases.)

Fifty-two years have elapsed since this doctrine was given recognition in Arizona. In the early case of Evans v. Blankenship, 4 Ariz. 307, 39 P. 812, the question under consideration was whether a lot of land had been dedicated as a public square. There had been no formal dedication of the public square other than the filing of a map or plat in the office of the county recorder. The tract in question was designated on the map as a tract " '570' on its sides and '300' on its ends." On the margin of the map appeared these words "Public Grounds, 570-300." The court held that the owner in causing the map to be recorded had made an irrevocable dedication of the land in question to the public. In the recent case of Collins v. Wayland, 59 Ariz. 340, 127 P.2d 716, 718, this court recognized and gave its approval to dedication by plat or map. The court said: " * * * While said plat or map was not authenticated as the statutes at that time required, it was certainly admissible as evidence of an in-

tention of the owners of lots therein to dedicate to the public the streets and alleys delineated thereon. On such map or plat is shown a 20-foot alleyway extending through the center of said Block 1 from Van Buren Street north to Garfield Street, and an admission by the proponents thereof and those in privity, that said 20 feet was being dedicated to a public use. So, we see that said 20-foot strip, running north and south through the center of said Block 1, for over fifty years has been treated and regarded as a public alley."

We shall quote extensively from the case of City of Los Angeles v. McCollum, 156 Cal. 148, 103 P. 914, 916, 23 L.R.A.,N.S., 378, for the reason that it sets forth a typical application of the doctrine of dedication by plats. The facts in the California case are not dissimilar to the facts in the instant case. " * * * The filing of a map showing a subdivision of land into lots and blocks, followed by a sale of lots as designated on the map, constitutes an offer to dedicate to public use the spaces marked thereon as streets. Logan v. Rose, 88 Cal. 263, 26 P. 106. We have no doubt that this map did mark the disputed strip as a street. It is true that it is not, on the face of the map, described or named as a street. On the other hand, it is not numbered as a lot, nor is it, by lines, cut off from the adjoining streets and bounded, as are the lots shown on the plat. It joins Hall street, and, so far as the map shows, furnishes the only means of access to Hall street,

and through it to the numbered lots of the subdivision. There is nothing to indicate any distinction or demarcation between the part of the strip north and that south of the northerly line of Hall street; the latter, as we have said, being concededly a public street. As against all this, the fact that the strip is not named or designated as a street does not overcome the inference that it was intended to mark a street or public highway. San Francisco v. Burr, 108 Cal. 460, 41 P. 482; London & S. F. Bank v. City of Oakland, 90 F. 691, 33 C.C.A. 237; Rowan v. Town of Portland, 8 B.Mon., Ky., 232, 246; Hanson v. Eastman, 21 Minn. 509; Elliott, Roads and Streets (2d Ed.), § 119. Nor is any force to be attributed to the circumstance that the northerly end of the strip was cut off by a dotted line. In each of the cases last cited, the land held to be dedicated constituted a cul-de-sac."

Under the statutes in effect at the time this dedication was made, the owner of any tract of land situated in any county of the state was authorized to plat and subdivide the same into tracts for the purpose of townsites, additions, or subdivisions. Par. 5313, C.C.1913. See also par. 1891 et seq., C.C.1913. This first paragraph reads as follows: "5313. Each owner of any tract of land situated in any county of the State of Arizona, being desirous of platting or subdividing the same into tracts of twenty acres or less for the purpose of townsites, additions or subdivisions, shall first have the same surveyed and platted, showing lots, blocks, or subdivisions; giving size of each lot or subdivision, name and width of avenues and streets, also width of alleys. And the said owner shall by proper dedication, dedicate the avenues, streets, parks, plazas, public grounds and alleys to the public for their general use, and shall sign said dedication and acknowledge the same as conveyances of real property."

These statutes provided for the filing of plats or maps; that there should be set forth thereon streets, alleys, lots and blocks, parks and squares, together with their dimensions, boundaries, etc. Par. 1895, C.C.1913, provided that: "Upon the filing of any such map or plat, the fee of all streets, alleys, avenues, highways, parks and other parcels of ground reserved therein to the use of the public, shall vest in such town, if incorporated, in trust, for the uses therein named and expressed; or if such town be not incorporated, then in the county until such town shall become incorporated, for the like uses."

It is thus seen that the statutes specifically provided that upon the filing of any map or plat the fee of all streets, alleys, parks, and other parcels of ground reserved for public use vested in the town if incorporated, and if not incorporated, then in the county until the town should become incorporated.

█ Appellant has recourse to the rule "expressio unis est exclusio alterius." In other words, its contention is that the Phœnix Title and Trust Company, as trustee, having specifically dedicated to the use

of the public the streets and alleys indicated on the plat no other dedication was included or could be included, and this regardless of the fact that the recorded plat had printed on Block 5 the word "Park." It has been decided that land may be dedicated for use by the public as a park or public square, in the absence of statutory authorization. See Vol. 2, Tiffany, Real Property (2nd Ed.), § 479, and cases cited; and 16 Am.Jur., Dedication, § 8. In this behalf we do not have to rely upon the general law for the reason that par. 5313, C.C. 1913, in effect at the time the dedication was made, specifically provided that parks might be dedicated and reserved for the use of the public. In view of the last sentence in par. 5313, C.C.1913, reading as follows: " * * * And the said owner shall by proper dedication, dedicate the avenues, streets, parks, plazas, public grounds and alleys to the public for their general use, and shall sign said dedication and acknowledge the same as conveyances of real property." the question here presented is: Did the dedicator in the instant case by inscribing the word "Park" on Block 5 comply with this paragraph wherein it says that the "owner shall by proper dedication, dedicate the avenues, streets, parks" etc.

■■ We are of the opinion that the entire plat as filed, showing some 17 blocks, 11 streets, numerous alleys, and hundreds of lots, with their specific locations, dimensions, and boundaries, together with the block labeled "Park," constitutes the entire dedication. The rule "expressio unis est exclusio alterius" has no application. The entire plat expressed everything; nothing was left unexpressed. The making and recordation of the plat coupled with sales of lots therein constituted the dedication. Evans v. Blankenship, supra. The use by the purchasers of lots and the general public constituted a sufficient acceptance. Collins v. City of Phœnix, 9 Cir., 54 F.2d 770. By the statutes in effect at the time the dedication was made, the fee in the dedicated property passed to the county in trust for the public and for the uses described. In this respect the dedication was different from a dedication at common law where the effect was that the public simply acquired the use for the purposes for which it was dedicated, and the fee remained with the dedicator. See Vol. 4, § 1725, McQuillin, Municipal Corporations (2nd Ed.); Thorpe v. Clanton, 10 Ariz. 94, 85 P. 1061.

■ The dedicator in this instance in subdividing Willow Addition dedicated the streets, alleys, and park to a public use, and the title therein vested in the county. Collins v. Wayland, supra. If the fee to Block 5 was in the county, then it was by the provisions of article 9, section 2, Arizona Constitution, exempt from taxation. Arizona Land & Stock Co. v. Markus, 37 Ariz. 530, 296 P. 251; Automatic Voting Mach. Corp. v. Maricopa County, 50 Ariz. 211, 70 P.2d 447, 116 A.L.R. 320. Being exempt from taxation, the purported assessment (Collins v. Wayland, supra) and the purported

sale by the county treasurer were nullities. Evans v. Hallas, 64 Ariz. 142, 167 P.2d 94.

Having reached this conclusion, we see no occasion to consider appellant's third proposition of law to the effect that the foreclosure of a tax lien is an action in rem, and that a sale thereunder extinguishes all liens and easements. In passing we want to say that we have examined the case of Alamogordo Improvement Co. v. Prendergast, 43 N.M. 245, 91 P.2d 428, 122 A.L.R. 1277, and have read it with a great deal of interest and enlightenment. The holding in that case to the effect that restrictive covenants, sometimes called negative easements, are not extinguished by tax sale compels serious consideration. It would seem that a most inequitable situation would arise if the purchaser at a tax sale of a lot in a highly restricted area could claim that the lot had been relieved of all building and use restrictions to the detriment of his neighbors, the state, and municipalities, through the lessening of valuation for tax purposes.

For the foregoing reasons we conclude that the dedication herein made was a studied and successful attempt to comply with the statutes relating to statutory dedications; that the statutes then existing were ample and warranted the attempt; that the dedication of the park was effectual, and vested the fee in the park in the county of Maricopa in trust for the uses named and expressed in the instrument of dedication; and as a consequence thereof the park was not subject to assessment and sale for delinquent taxes.

Accordingly the judgment is affirmed.

STANFORD, C. J., and UDALL, J., concur.