397 P.2d 52

**Rose S. LAZ, a married woman, Appellant,**

**v.**

**SOUTHWESTERN LAND COMPANY,**

**a corporation, Appellee.**

**No. 7521.**

Supreme Court of Arizona.

En Banc.

Nov. 27, 1964.

Rehearing Denied Dec. 22, 1964.

Morgan, Marks & Rogers, by Merton E. Marks, Tucson, for appellant.

Nolen L. McLean, Tucson, for appellee.

UDALL, Chief Justice.

This is an appeal by Rose Laz, hereinafter referred to as Mortgagee, from an order of the Superior Court of Pima County granting Southwestern Land Company's motion for summary judgment to quiet title to certain realty in Southwestern Land Company, hereinafter referred to as Land Company.

Procedurally, suit was commenced below by the Land Company to quiet its title to certain realty derived from a deed executed and delivered by the Superintendent of Streets of the City of Tucson, Arizona, in the foreclosure of a lien for assessments against Floyd McDonald and Evelyn McDonald, husband and wife (hereinafter referred to as McDonalds); the Mortgagee, and Katherine Kalck. Default judgment was entered against Kalck and the appeal has been dismissed as to her. No appeal was filed on behalf of the McDonalds. The Mortgagee answered the complaint claiming

a mortgagee's interest in the said realty. The Land Company moved for summary judgment and judgment was entered quieting title in the Land Company.

Mortgagee appealed from the order below granting the Land Company's motion for summary judgment. The Land Company moved in this Court that the appeal be dismissed on the grounds it is predicated upon a nonappealable order. Mortgagee opposed the dismissal in this Court and moved to amend her notice of appeal. Both of these motions by the respective parties were denied by this Court.

The facts are as follows: The McDonalds were owners of a certain parcel of realty situated in Pima County as evidenced by a deed of record in the office of the County Recorder. Mortgagee was assignee of the interest of a mortgagee of record in said realty, as evidenced by an assignment of record in the office of the County Recorder.

McDonalds allowed an assessment delinquency to occur and the realty was sold at a regular assessment sale to the Land Company. Title 9, Chapter 6, Article 2, A.R.S. (1956). After the redemption period, the Land Company gave the required notice to the McDonalds that it was going to make application to the city for a deed and subsequently the City executed its deed to the Land Company and the deed is of record in the office of the County Recorder. A.R.S. § 9–703 (1956). More than twenty days prior to the filing of the complaint in the quiet title suit, the Land Company tendered quit-claim deeds to the McDonalds, the Mortgagee, and Kalck, but none responded thereto. A.R.S. § 12–1103(B) (1956).

The Mortgagee challenges the regularity of the proceedings in two particulars. First she objects because the published notice of delinquent assessment pursuant to A.R.S. § 9–698 (1956) listed the ownership of the realty as "unknown" although McDonalds were of record as owners. Secondly she objects because although timely notice of intention to apply for a deed as required by A.R.S. § 9–703 (1956) was served by the Land Company on the McDonalds and no redemption of the property was made by anyone prior to the execution and delivery of the deed by the City to the Land Company, no notice of intention to apply for a deed was served on Mortgagee. Apparently Mortgagee first became aware of McDonald's assessment delinquency when served with the quitclaim deed prior to the commencement of the suit.

The two issues thus raised by the Mortgagee are that (1) the published notice of pending sale was inadequate and (2) the Mortgagee was entitled to actual notice of the assessment proceedings. We will decide Mortgagee's second contention first.

It is contended that a mortgagee of record is either an owner by statutory defini-

tion, A.R.S. § 9–671, subsec. A (13) (1956); or the owner of such an interest as to require that she be served with notice of an assessment sale affecting the mortgaged property and that she be served with notice of an application for a deed, and if the statutes be construed as to not require such notices to her, they are unconstitutional as permitting the taking of property without due process of law.

The Land Company, on the other hand, argues that the Mortgagee has no such interest that entitled her to notice and that the Legislature has not recognized any right in the mortgagee to any notice. The Land Company further justify their contention on the basis that the foreclosure of a tax lien is an action in rem. See Allied American Inv. Co. v. Pettit, 65 Ariz. 283, 179 P.2d 437 (1947).

■ Although there is some older case law which supports the Land Company's contention that the Mortgagee has no such interest to entitle her to notice, see, e. g., Holmes v. Bowen, 60 Ohio App. 168, 19 N.E.2d 974 (1938) we feel that the Mortgagee has such an interest protected by the due process clauses of the State and Federal constitutions which entitled her, under the circumstances, to reasonable notice. This is evidenced by the redemption statute, A.R.S. § 9–702 (1956) which recognizes other valid interests in land when it provides that "(r)edemption may be made *by any party having an interest in the lot* at any time before the execution and delivery of a deed * * *." A mortgagee certainly would be a "party having an interest in the lot." We also feel that the Land Company's "in rem" argument has been invalidated by the United States Supreme Court in the case of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

That case said the due process requirements regarding notice do not depend upon a distinction between actions in rem and those in personam, however useful such a distinction may be for other purposes.

■ Thus, recognizing that a mortgagee has a protected interest, the question narrows to whether the notice provisions of the assessment proceedings under Title 9, Chapter 6, Article 2, A.R.S. (1956) are reasonably calculated, under all the circumstances, to apprise interested parties, such as the Mortgagee in this case, of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Central Hanover Bank and Trust Co., supra.

An examination of the General Public Improvement Act (Title 9, Chapter 6, Article 2, A.R.S. 1956) with respect to the various notices given reveals the following: The resolution by the governing body of their intention to order an improvement is required to be published in addi-

tion to posting of notices along the proposed improvement area. A.R.S. § 9–675 (1956). When the resolution ordering the improvement is passed, the call for bids must be published and posted. A.R.S. § 9–678 (1956). When the bid has been approved, the notice of the award is published. A.R.S. § 9–681 (1956).

After the improvement work is done, the contractor armed with a warrant of assessment from the city demands payment from the owner or from the person in possession of the realty when the owner is unknown. A.R.S. § 9–687 (1956). With respect to assessments certified to the clerk the superintendent shall 30 days before any installment becomes due give notice by mail to every person interested who has filed his name and address with the superintendent, and by publication. A.R.S. § 9–697 (1956). The superintendent shall within 20 days from the date of a delinquency begin publication of the delinquent assessments and publish with this notice that the land will be sold on a certain date to satisfy the assessment if it is not paid. A.R.S. § 9–698 (1956). One year after the sale, if there has been no redemption by anyone having an interest in the land, the purchaser upon giving 30-day written notice to the owner and occupier of the realty can apply for a deed from the city vesting title in the grantee. A.R.S. § 9–703 (1956).

From the foregoing notice requirements we note that the only actual notice given is to the owner or occupant thirty days before application is made for a deed. A.R.S. § 9–703 (1956). All other notice was constructive notice by publication. In this case there was no actual notice given to any person other than the McDonalds. In deciding a similar case, the United States Supreme Court in Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962) said the following:

"As was emphasized in Mullane, the requirement that parties be notified of proceedings affecting their legally protected interests is obviously a vital corollary to one of the most fundamental requisites of due process—the right to be heard. 'This right * * * has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.' 339 U.S. at 314, 70 S.Ct. [652], at 657. The Court recognized the practical impossibility of giving a person notice in some cases, such as those involving missing or unknown persons. But the inadequacies of 'notice' by publication were described in words that bear repeating here:

" 'Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the news-

paper's normal circulation the odds that the information will never reach him are large indeed. The chance of actual notice is further reduced when as here the notice required does not even name those whose attention it is supposed to attract, and does not inform acquaintances who might call it to attention.' 339 U.S., at 315, 70 S.Ct. [652], at 658.

"The general rule that emerges from the Mullane case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question. 'Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.' 339 U.S., at 318, 70 S.Ct. [652], at 659." 371 U.S., at 212, 83 S.Ct. at 282.

We feel in the present case the names and addresses of those parties that had a record interest in the realty were readily available. This is clearly evidenced by the fact that shortly after the Land Company received the deed from the City, it brought suit against all those parties who had interests of record in a quiet title action. Certainly if the names and addresses of such parties were so readily available to the Land Company after it received the deed, there appears no reason whatsoever why the names and addresses of such parties were not readily available in order to give them the thirty day notice before application for the deed was made so they might exercise their right of redemption. A.R.S. § 9–702 (1956).

We therefore hold that persons to be served notice pursuant to A.R.S. § 9–703 (B) (1956) include all parties who have an interest in the land which is recorded with the County Recorder. Schroeder v. New York, supra. It should be noted that this puts no additional burden on the City as the Land Company contends, but rather puts a duty upon the purchaser of the land to serve notice upon all parties of record who hold an interest in the land that in thirty days he will apply for a deed from the City. In the absence of such notice to the interested parties of record whose names and addresses are readily ascertainable, the proceedings under A.R.S. § 9–703 (1956) are invalid. Because of the foregoing it is unnecessary to discuss Mortgagee's other contention.

The order of the lower court granting the Land Company's motion for summary judgment quieting title in the Land Company is reversed.

LOCKWOOD, V. C. J., and STRUCKMEYER, BERNSTEIN and SCRUGGS, JJ., concurring.