338

409 P.2d 54

In the Matter of the ESTATE of Willard J.
MILLIMAN, Deceased.

FARMERS INSURANCE GROUP,
Appellant,

v.

Neil J. WARD, Administrator de bonis non
of the Estate of Willard J. Milliman, de-
ceased, and Clarabelle Milliman, et al., Ap-
pellees.

No. 2 CA–CIV 79.

Court of Appeals of Arizona.

Dec. 17, 1965.

Rehearing Denied Jan. 3, 1965.

Review Granted Feb. 1, 1966.

Chandler, Tullar, Udall & Richmond, by
D. B. Udall, Tucson, for appellant.

Rees, Estes & Browning, by Donald
Estes, Tucson, for appellees.

MOLLOY, Judge.

The motion for rehearing by appellant, Farmers Insurance Group, challenges the statement made in this court's opinion heretofore rendered that Farmers Insurance did not petition the lower court for the return of the monies paid to the two children of Lucy Milliman as part of the settlement of the death claim and that neither Lucy nor her two children were given any notice of the petition to set aside the settlement order.

We believe that the appellant is partially correct in its contentions and therefore modify this portion of the opinion (the paragraph immediately preceding the announcement of the affirmance of the decision) to read as follows:

"But even if our law should be otherwise, Farmers Insurance Group did not bring the matter of the return of these funds to it properly before the court. It is very obvious that the two children of Lucy Milliman have an interest in these funds which could not be taken away from them by a court without giving notice to the children and an opportunity to be heard. Laz v. Southwestern Land Company, 97 Ariz. 69, 397 P.2d 52 (1964). There was no petition filed in the lower court for the return of these funds. In a legal memorandum filed by Farmers Insurance in opposition to the petition to set aside the order of settlement it stated its 'position' in four parts, and one of these (the third) states that the court should not set aside the order approving the settlement unless the monies paid to the children were returned to it. It does not appear that this memorandum was served upon the children, through their guardian, or that they were notified in any way of this 'position.' Under these circumstances, this court holds that the trial court would not have been acting within basic due process concepts if it had ordered this money taken from the two

minor children and returned to Farmers Insurance Group."

Except as herein modified, the opinion heretofore issued is reaffirmed and the petition for rehearing denied.

KRUCKER, C. J., and HATHAWAY, J., concur.