601 P.2d 1065

**Ralph F. BRANDT and Zona D. Brandt, his wife, Plaintiffs-Appellees,**

v.

**CITY OF YUMA, a municipal corporation, Defendant-Appellant.**

**No. 1 CA–CIV 4259.**

Court of Appeals of Arizona,
Division 1,
Department C.

Sept. 11, 1979.

Rehearing Denied Oct. 19, 1979.

Review Denied Oct. 30, 1979.

**30**

Maureen R. George, City Atty. and Gust, Rosenfeld, Divelbess & Henderson, Yuma by Fred H. Rosenfeld and Joe R. Purcell, Phoenix, for defendant-appellant.

Ralph F. Brandt, Yuma, for plaintiffs-appellees.

## OPINION

EUBANK, Presiding Judge.

This appeal is from a summary judgment entered in a quiet title action commenced by appellees against appellant to settle a dispute between them concerning a parcel of land located in the City of Yuma. The controversy arose as follows:

Appellees acquired apparent title to the parcel of land pursuant to A.R.S. §§ 42–455 to 458, by a Yuma County Treasurer's deed dated July 16, 1974, which was issued because of nonpayment of 1967 general taxes. The appellees had previously acquired a certificate of purchase of this property and had waited the five years prescribed by A.R.S. § 42–455. They then applied for and received the treasurer's deed because no redemption had been made.

At the time of execution and delivery of the treasurer's deed, appellant City claimed three special assessment "liens" by virtue of three public sales of the parcel for nonpayment of the special assessments held pursuant to A.R.S. § 9–700. These assessments became delinquent, and the City's interest in the premises arose at those times. There is no indication in the record that any notice was given to the City concerning appellees' application for the treasurer's deed, other than the constructive notice by publication referred to in the deed.

In the trial court, appellees moved for summary judgment, relying on several older Arizona cases, cited *infra*, which hold that a general tax lien is superior to one for special assessments. In its memorandum in response to the motion for summary judgment, appellant objected to the granting of the motion on the basis of insufficient notice. The trial court, nevertheless, granted summary judgment for the appellees, declaring that they were the owners of the premises free and clear of any claim of appellant City as of the date of the treasurer's deed.

On appeal, appellees rely primarily on the cases of *Allied American Investment Co. v. Pettit*, 65 Ariz. 283, 179 P.2d 437 (1947) and *Town of Holbrook v. Koury*, 50 Ariz. 526, 73 P.2d 698 (1937). *Allied American* is still good law, but its only aid to appellees is its dicta that "a *valid* sale for taxes clothes the grantee with a new and complete title under an independent grant from the sovereign . . . free of . . . all other liens and encumbrances upon the property, except liens and encumbrances held by the state." (Emphasis added.) 65 Ariz. at 286, 179 P.2d at 438. In that case the sale was held invalid, so the foregoing statement was unnecessary to the decision. It merely declares that a *valid* tax sale has the specified effect.

The *Koury* case did not consider the necessity of notice to the City, because the City was served and appeared. *Koury* was also decided before *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Schroeder v. City of New York*, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), and *Laz v. Southwestern Land Co.*, 97 Ariz. 69, 397 P.2d 52 (1964), which in our opinion require reasonable notice to any person having an interest in the land at the time that the application for a treasurer's deed is made. The *Koury* case is therefore not controlling here.[1]

---

1. As a matter of interest for the future, we note that Ch. 91, § 1, Laws 1978, changed the priority previously given to general taxes over special assessments to put them both on an equal

Appellant attempts to avoid the above and other cases cited by appellees by suggesting that they be reconsidered, but that is not the function of this Court. Rather, it is the function of the Supreme Court or the Legislature. In any event, appellant's second argument, concerning the requirement of notice, is dispositive of this case.

■ Under the statutory tax sales scheme, when the time is ripe to issue the treasurer's deed, notice must be given to the owner of the premises by registered mail, return receipt requested, that a treasurer's deed has been applied for. A.R.S. § 42–456. Beyond this narrow statutory requirement, due process requires that any person having a substantial interest in the property which might be adversely affected by the issuance of the deed, and whose name and address are known or easily obtainable, be given actual notice (as opposed to mere published notice) of the proposed action. *Schroeder v. City of New York, supra; Mullane v. Central Hanover Bank & Trust Co., supra; Laz v. Southwestern Land Co., supra.*

In *Mason v. Wilson*, 116 Ariz. 255, 568 P.2d 1153 (App.1977), we said in a somewhat analogous situation:

Whether notice was required to be given in spite of the statute is a matter of constitutional law. The U.S. Supreme Court has held that notice and opportunity to be heard are fundamental requisites of due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The general rule that emerges from *Mullane* is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question. . . . Appellants, . . . by virtue of their respective interests in the property were directly affected by the proceedings and should have received actual notice. *Laz v. Southwestern Land Company*, 97 Ariz. 69, 397 P.2d 52 (1964).

116 Ariz. at 257–58, 568 P.2d at 1155–56.

■ The City of Yuma had an interest in the property sold by the treasurer's deed, either as technical "owner" thereof because the property had been "struck off" to it under the special assessment statute, A.R.S. § 9–700, or as a special assessment lienholder, in which capacity it occupies a position similar to that of a mortgagee. *Maricopa County v. City of Phoenix*, 55 Ariz. 62, 98 P.2d 469 (1940). In *Laz v. Southwestern Land Co., supra,* our Supreme Court held that a mortgagee or other party having an interest in the land which is recorded with the County Recorder is entitled to at least mailed notice of any proposed adverse action. We believe this rule extends to a city having a recorded special assessment sale in the office of the Superintendent of Streets. A.R.S. § 9–686(H).[2] In any event, the City had a substantial interest in the land, which was a matter of public record, entitling it to notice of the application for the treasurer's deed. When a party entitled to notice is not given the required notice, a treasurer's deed issued thereafter is invalid as to them. *Olsen v. Goss*, 26 Ariz.App. 172, 547 P.2d 24 (1976); *Johnson v. Mock*, 19 Ariz.App. 283, 506 P.2d 1068 (1973).

■ The record before us does not clearly indicate whether notice, other than by publication, was given to the appellant City. However, in its memorandum in opposition to the appellees' motion for summary judgment, appellant raised the issue of lack of sufficient notice, and appellees did not file any affidavit or other type of evidence establishing that the required notice was in fact given. In our opinion, appellant's memorandum therefore raised a genuine is-

footing as co-equal first liens. See A.R.S. § 9–700 as amended.

**2.** A.R.S. § 9–686(H) provides:

The warrant and assessment shall be recorded in the office of the superintendent and one diagram shall be there filed. When so recorded, the several amounts assessed shall be a lien upon the lots assessed for two years thereafter, and such recording shall be notice to all persons interested of the contents of the record.

sue as to a material fact concerning the sufficiency of the notice that it received. This issue could not properly be resolved on the basis of the record before the trial court. Appellees were therefore not entitled to judgment as a matter of law, and the granting of the summary judgment was error. *Mason v. Wilson, supra.*

The summary judgment granted by the trial court is therefore reversed, and the case is remanded for further proceedings not inconsistent with this decision.

HAIRE and WREN, JJ., concur.