**Melvin FIELDS and Shirley Fields,**
**Appellants (Plaintiffs),**

v.

**Mary S. EVANS, Appellee (Defendant),**

**Bobby Winchester and Shirley Winchester, Appellees (Plaintiffs).**

**No. 2–684–A–163.**

Court of Appeals of Indiana, Second District.

Oct. 15, 1985.

Sidney E. McClellan, Muncie, for appellants.

Phillip E. Stephenson, Browne, Spitzer, Herriman, Browne, Stephenson and Holderead, Marion, for appellee.

## ON PETITION FOR REHEARING

BUCHANAN, Chief Judge.

Evans's petition for rehearing challenges our earlier opinion, which appeared as *Fields v. Evans* (1985), Ind.App., 480 N.E.2d 575, for failing to address an issue raised on appeal, i.e., whether the defense of laches is applicable to the action brought by the Fieldses to set aside Evans's tax deed. In denying rehearing, we now make explicit our conclusion on the issue of laches and address other aspects of our earlier opinion.

Evans presents no new questions regarding the substance of our earlier opinion as to the statutory intent of Ind. Code 6–1.1–25–6 (1982). We held that, for purposes of this statute, the "former owner" was the owner of record at the time notice of the tax deed was sent. Notice is required "not more than sixty days nor less than thirty days before a tax deed for the property is executed and delivered." IC 6–1.1–25–6(a).

We concluded that the purpose of the statute was to determine whether any change in status in the property had occurred and to give notice to deserving parties like the Fieldses.

■ Our conclusion in this regard is bolstered by a close reading of the statute. The statute requires that the name of the "former owner" be determined by reference to the transfer book of the county auditor. IC 6–1.1–25–6(a)(1). As we observed previously, a further reference to the transfer records would not be required unless the statute intended the auditor to search for a change in the status of the ownership of the property. Also, IC 6–1.1–25–6(a)(6) requires that the notice contain "[a] statement that the former owner is entitled to redeem the real property." This statement would be rendered meaningless if we were to adopt the reading of the statute suggested by the dissent. The Winchesters, having conveyed their interest to the Fieldses, no longer qualified as persons entitled to redeem under IC 6–1.1–25–1.

■ Obviously, it is our conclusion that based on statutory construction alone the Fieldses, as title holders, are entitled to notice as specified in IC 6–1.1–25–6. Even if we were to assume that no notice was required by statute, we would nevertheless be forced to conclude that, as applied here, constitutional standards of notice were not met. The Fieldses received their interest in the property from the Winchesters on July 31, 1976, which was before the time of the tax sale on September 2, 1976 but which was after the time of publication of notice of the tax sale on July 16, July 23, and July 30, 1976. The effect of the tax sale is controlled by statute. G. THOMPSON, COMMENTARIES ON THE MODERN LAW OF REAL PROPERTY § 2746 (repl.1978). In the absence of any authority to the contrary, we conclude that the Fieldses acquired all rights to and interest in the property then held by the Winchesters.

In concluding that the Fieldses acquired all the interest in the property formerly possessed by the Winchesters, we also recognize that the Fieldses took their interest with *constructive* notice of the later tax sale. The question here, which we believe is central to our discussion and the major source of disagreement with the dissent to our earlier opinion, concerns the effect of constructive notice of the tax sale on the Fieldses' ownership interest.

■ Implicit in the dissenting opinion is the conclusion that the notice of the impending issuance of a tax deed, as required by IC 6–1.1–25–6, is a superfluous act; that it is merely "a 'make sure' second notice ... given to the owner of record at the time of the tax sale." *Fields v. Evans* (1985), Ind.App., 480 N.E.2d 575, 580 (Sullivan, J., dissenting). From this view, constructive notice of the tax sale is seen as sufficient notice to the Fieldses of the later tax deed. Based on the words and effect of the statutes controlling tax sales and tax deeds, however, we conclude that the tax sale and the tax deed are separate events determining rights and interests in the property and therefore require separate notices, as specified by statute.

■ The tax sale creates a lien against the property that may ripen into full ownership at some later time by the issuance of a tax deed. IC 6–1.1–25–4 requires no judicial proceeding, summary or otherwise, before the issuance of the tax deed cuts off the prior owner's interest in the property. In lieu of such a proceeding, IC 6–1.1–25–1 provides that those with an interest in the property may redeem it at any time before a tax deed is issued. Given the untoward result of a failure to redeem, notice to interested parties of the right to redeem is required as an element of due process. Under a similar statutory scheme, the Court of Appeals of Arizona has held that notice of the issuance of a tax deed is required by due process. *Brandt v. City of Yuma* (1979), Ariz.Ct.App., 124 Ariz. 29, 601 P.2d 1065.

■ The Fieldses were not afforded sufficient notice of the impending tax deed and of their right to redeem the property. "An elementary and fundamental require-

ment of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865,    . "The reasonableness and hence the constitutional validity of any chosen method [of giving notice] may be defended on the ground that it is in itself reasonably certain to inform those affected." *Id.* at 315, 70 S.Ct. at 657, 94 L.Ed. at    .

▋ *Mullane* and the multitude of cases following it have recognized that practical concerns counterbalance the individual's interest in determining whether notice was reasonable under the circumstances. *Id.* Generally, however, "constructive service by publication is constitutionally suspect whenever plaintiff knows, or has reason to know, particularly as a matter of public record, the defendant's identity or address." J. FRIEDENTHAL, M. KANE, & A. MILLER, CIVIL PROCEDURE § 319, at 168 (1985). Even in proceedings involving real property, of which published notice was traditionally considered sufficient, recent cases have required, at minimum, notice by mail to those whose interests appear in the public record. *See, e.g., Mennonite Bd. of Missions v. Adams* (1983), 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (notice by mail of tax sale proceedings to mortgagee whose interest appears of public record is minimum notice reasonable under circumstances); *Schroeder v. City of New York* (1962), 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (notice by publication to homeowner of condemnation proceedings is insufficient when name and address of homeowner are known or easily ascertainable).

The Fieldses possessed all right, title, and interest to the property and their address was publicly recorded at the time notice of the impending tax deed issued. Under these facts, we are holding that the published notice of the impending deed was insufficient; it was not reasonably calculated to inform the Fieldses of their right to

redeem the property. In so doing, we foresee no practical difficulties in giving notice by mail to those persons who, like the Fieldses, record their interest in tax sale property before notice of the tax deed is prepared. Given that IC 6–1.1–25–6 requires the auditor to consult the transfer record in giving notice of the issuance of a tax deed, we see no practical difficulties or additional costs which might arise from giving notice to the owner whose interest appears then of record. Under these circumstances in which a deed has been recorded prior to the issuance of notice of the tax deed, the names of the title holders were "easily ascertainable."

▋ Finally, in asserting the defense of laches, Evans was required to show more than that the Fieldses delayed in asserting their rights. Evans was also required to show that the Fieldses impliedly waived their rights by their knowing acquiescence in existing conditions, and that Evans suffered prejudice from circumstances caused by the Fieldses' delay. *City of Indianapolis v. Sherman* (1980), Ind.App., 409 N.E.2d 1202. Evans, however, did not plead or prove prejudice arising from any alleged delay on the part of the Fieldses and therefore has failed to establish laches under the *Sherman* test above.

▋ Also pertinent is whether the Fieldses *knowingly* acquiesced to existing conditions. The defense of laches is an equitable doctrine and must be based on a showing of conscious indifference to events; it cannot be predicated merely on constructive knowledge. *Miladin v. Istrate* (1954), 125 Ind.App. 46, 119 N.E.2d 12. Evans showed only that the Fieldses received constructive notice of the tax sale and therefore, for purposes of invoking the doctrine of laches, has failed to show knowing acquiescence on the part of the Fieldses.

The petition for rehearing is denied.

SHIELDS, J., concurs.

SULLIVAN, J., concurs insofar as the opinion upon rehearing rejects Evans' as-

sertion of laches. He DISSENTS from the remainder of the opinion upon rehearing, however, for the reasons set forth in his dissent to the opinion of July 23, 1985.

**L.J.F., et al, Appellants-Respondents,**