506 P.2d 1068

David W. JOHNSON and Ilene Johnson, husband and wife, Appellants and Cross Appellees,

v.

O. D. MOCK and Catherine M. Mock, husband and wife, Appellees and Cross Appellants.

No. 2 CA–CIV 1210.

Court of Appeals of Arizona, Division 2.

March 6, 1973.

Morris & Malott by Peter J. De Ninno, Globe, for appellants and cross appellees.

Lewis & Roca by Donald N. McIntyre, Phoenix, for appellees and cross appellants.

HATHAWAY, Chief Judge.

This quiet title action brought in the superior court in Gila County tests the validity of a treasurer's deed held by the Johnsons. After trial to the court sitting without a jury, the court determined that the treasurer's deed was invalid.

The governing facts are uncontroverted and a stipulation as to facts and admission of documents was filed. A sketch of the factual background reveals that the subject property was owned by the appellees and sold by them under a contract of sale to Mr. and Mrs. Seaton in September of 1961. As down payment for the subject property, the Seatons conveyed to the appellees another property, also situated in Gila County. The Seatons defaulted on the contract and forfeited their interest in the subject property by execution of a quit claim deed recorded April 5, 1963. The quit claim containing the appellees' address in Phoenix was not picked up on the county tax rolls.[1] Consequently, beginning in 1962, the tax statements pertaining to the subject property were sent to the Seatons and were ignored by them. Subsequent to the Seatons' forfeiture of the subject property, the appellees did not receive tax statements

1. The county assessor is required to prepare the tax rolls annually. The tax rolls are required to describe the property and give the name of the owner. A.R.S. § 42–238–239.

on the subject property, but explained that two tax statements were received annually on the trade property, a single land parcel. They contend that the two statements misled them to believe that one was for the subject property, since the taxes were paid without closely inspecting the tax statements. The property taxes became delinquent, and the treasurer of Gila County sold the subject property to the State of Arizona for nonpayment of the 1962 taxes by treasurer's certificate of purchase.

On December 24, 1968, the appellants paid $1,919.94 (representing 1962 and subsequent taxes, penalties and interest) to the county treasurer for an assignment of the certificate of purchase. The property remained unredeemed for five years and the appellants applied for a treasurer's deed.[2] The treasurer mailed a notice of application for treasurer's deed to the Seatons. The appellees, not appearing on the tax rolls as owners, were not sent such notice, nor did the treasurer post the notice on the subject property as required by statute.[3] Notice was published in the *Arizona Silverbelt,* a Gila County weekly newspaper with which the appellees were not acquainted. The appellees first learned of the situation when notified by their tenant on the subject property that the appellants had advised that they had acquired the property.

The appellees contacted the appellants through the treasurer's office and attempted, unsuccessfully, to settle the matter. The appellees tendered the appellants a quit claim deed and $5.00 pursuant to A.R.S. § 12–1103, subsec. B, and receiving no response within 20 days, filed this quiet ti-

2. A.R.S. § 42–455: Issuance of treasurer's deed without action to redeem; notice; publication.

A. If real property at any time after expiration of five years from the sale thereof for delinquent taxes is not redeemed from sale, the purchaser or his assigns, including the state, may, at his option, instead of filing an action as provided by this article receive a treasurer's deed to the property upon compliance with §§ 42–456, 42–457 and 42–458.

B. The county treasurer, on demand of such purchaser, shall cause to be published in two consecutive weekly issues of the official newspaper of the county a notice that the purchaser or his assignee has applied for a treasurer's deed, and that unless the property is redeemed before the date specified therein, a treasurer's deed will be executed and delivered to the purchaser or his assigns.
A.R.S. § 42–456. Notice of application for treasurer's deed; form of notice.

Before delivering a treasurer's deed for property sold for taxes, the county treasurer shall, not less than ninety days before delivery, notify the owner of the property, as such owner is shown on the current tax roll at his last known address, by registered mail, return receipt requested, that a treasurer's deed has been applied for and by whom, describing the property involved, the date on which sold, the amount of taxes, interest, penalties and charges for which sold, and the last date for redeeming the property. The notice shall be in the following form: (form omitted).

3. A.R.S. § 42–457. Advertising and posting notice of application for treasurer's deed; fee.

A. The county treasurer shall, in addition to giving notice as prescribed by § 42–456, advertise that a treasurer's deed has been applied for and by whom, describing the property involved, the date on which sold, the amount of taxes, interest, penalties and charges for which sold, and the last date for redeeming the property, once a week for four consecutive weeks in a newspaper of general circulation published in the area in which the property is located, or if no such newspaper is published, then in a newspaper of general circulation within the county. If the boundaries of the property to be conveyed are defined so it can be readily located and is reasonably accessible, and if the property is within the limits of an incorporated city or town or within five miles of the limits thereof, or within five miles of the postoffice of an unincorporated city or town, the treasurer or his deputy shall place a sign on the property in a conspicuous place where the public is most likely to observe it. The sign shall contain the words "This property has been sold for delinquent taxes", in letters not less than three inches in height, and in smaller sized words shall give notice of the method and date by which the owner may redeem the property. The notices shall be in the form set forth in § 42–456.

tle action. The appellants answered and counterclaimed seeking to quiet title in themselves.

The appellants contend that the trial court erred in determining that the treasurer's deed was invalid. Secondly, they assert error in the trial court's failure to impress a lien on the subject property to secure repayment to them of the amounts they had paid to the county treasurer for the property.

The first question rises or falls on the sufficiency of notice to the appellees that their property would be lost for nonpayment of taxes. Appellants' position is that the notice requirement was fulfilled since the treasurer did mail a notice, as provided in the statute, to the owner of the property ". . . as such owner is shown on the current tax roll at his last known address . . . ." ARS. § 42–456 set forth in footnote 2, supra. The argument is made that the construction of the statute urged by the appellees, i. e., requiring notice to the true owner, would require a finding that the language defining "owner" is superfluous. Furthermore, the appellants contend such a construction would not permit the treasurer to rely on the tax roll in sending out notices, and would defeat the legislative purpose to expedite performance of the trearurer's duties.

Appellants rely heavily on Consolidated Motors, Inc. v. Skousen, 56 Ariz. 481, 109 P.2d 41 (1941), where the Arizona Supreme Court noted that the notice of tax sale required to be published by the predecessor of A.R.S. § 42–388 conferred jurisdiction to proceed with the sale. It further commented that the statute expressly provides that a mistake in regard to the name of the real owner either in the assessment or in the sale was immaterial so long as the notice specifically identified the property and the amount of the taxes. The court in *Consolidated Motors* was considering the notice procedure for proceedings prior to tax sale which, of course, does not operate to deprive the owner of his property as does a duly issued treasurer's deed. A special dispensatory statute, A.R.S. § 42–392, appears to govern tax sales:

". . . no sale shall be invalid by reason of the fact that the property was assessed or advertised in the name of a person other than the rightful owner, or to a person unknown, . . . ."

No comparable statute is applicable to the statutes relating to perfection of tax title.

In Laz v. Southwestern Land Co., 97 Ariz. 69, 397 P.2d 52 (1964), our Supreme Court, considering a situation more akin to the one before us, held that a mortgagee of property sold at a regular assessment sale was entitled to actual notice where the mortgagee's name and address were readily ascertainable. The court rejected an "in rem" argument, similar to the appellants' argument that the land owed the taxes, citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The court quoted at length from Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), on the importance of parties receiving notice of proceedings directly affecting their legally protected interests. In *Mullane* the court noted, "Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." 339 U.S. at 318, 70 S.Ct. at 659, 94 L.Ed. at 877.

In the case before us, the appellees' interest in the property was obvious through the recording of the quit claim deed to the appellees from the Seatons. Their address appeared in that document and was readily available for purposes of directing notice to the appellees. That error crept into the tax rolls, through no fault of the appellees, surely should not be permitted to deprive them of the notice which due process of law requires they be given before their estate in the subject property is extinguished.[4] At the very least, had the

4. For an annotation on due process requirements as to notice and proceedings to foreclose a tax or similar lien on real property see 1 L.Ed.2d 1626.

treasurer posted a notice of the proceedings on the property pursuant to A.R.S. § 42–457, it seems likely that the appellees would have received actual notice through their tenant.

 Appellants' second point on appeal is also unsustainable. The trial court properly refused to impress a lien upon the subject property since no basis existed for doing so, either by contract or statute.

"[a] lien may be created only by contract, express or implied, with the owner of the property, or by some statute or fixed rule of law; it cannot be created by the court merely from a sense of justice." 53 C.J.S. Liens § 2, at 833.

Appellants' remedy would appear to be provided by the statutory procedure established for impressing a lien on real property under A.R.S. § 33–961.

The judgment is affirmed.

KRUCKER and HOWARD, JJ., concur.