547 P.2d 24

Merlin M. **OLSEN** and Grace M. Olsen, husband and wife, John Doe I to 3 and Jane Doe I to 3 and Black Corporation I to 3, Appellants,

v.

Harry T. **GOSS**, Executor of the Estate of Mary Emma Stitt, Deceased, Appellee.

No. I CA–CIV 2762.

Court of Appeals of Arizona, Division 1, Department C.

March 25, 1976.

Richard J. Rubin, Phoenix, for appellants.

Mariscal, Weeks, Lehman & McIntyre, P.A. by Richard A. Friedlander, Phoenix, for appellee.

OPINION

NELSON, Presiding Judge.

This action arose out of a quiet title suit brought by Harry T. Goss (Goss) in his capacity as executor of the Estate of Mary Emma Stitt, deceased, the appellee here, seeking to quiet title in certain real estate located in Maricopa County owned by Mary Emma Stitt at her death, and seeking to invalidate Treasurer's Deeds issued the Olsens, the appellants here, as a result of their purchasing the property at a delinquent tax sale. The trial court granted summary judgment to Goss, quieting title to the property in question to the estate and invalidating the Treasurer's Deeds. We agree and affirm the judgment of the trial court.

While both the appellants and appellees pose a variety of questions they feel are presented here for review in this case, we deem there to be only one basic question. Did the actual owner of this property receive the notice required by the statutes of this state, and the decisions of the appellate courts interpreting those statutes, that the property in question was about to be lost for non-payment of taxes? The trial court answered this question in the negative. The decisions of this Court, the

Arizona Supreme Court, and the decisions of the Supreme Court of the United States cited therein, clearly indicate that the trial court's resolution was correct.

The facts necessary for the disposition of this cause are not in dispute. On October 28, 1958, Mary Emma Stitt died testate, owning the property in question. In due course Goss was appointed executor of the Estate of Mary Emma Stitt and maintained that status at all times involved in this cause.

In May of 1964, pursuant to A.R.S. § 42–423, Goss redeemed the property in question, which had been sold for delinquent taxes for the years 1959, 1960, 1961 and 1962. As required by A.R.S. § 42–423, Goss satisfied the County Treasurer as to his right to redeem the property as the executor of the Estate of Mary Emma Stitt, the record owner. This fact is reflected in the entry in the County Treasurer's Record of Tax Sales of the tax years 1959 through 1962. See: A.R.S. § 42–423A.

On February 1, 1966, the Maricopa County Treasurer sold the property again for delinquent taxes, this time to the Olsens, pursuant to A.R.S. § 42–381 et seq. Olsens paid the taxes levied upon the property thereafter. After the expiration of five years, the Olsens, having elected not to bring an action to foreclose the rights of Goss to redeem the property as provided in A.R.S. § 42–451, applied for a Treasurer's Deed pursuant to A.R.S. § 42–455. The County Treasurer, pursuant to A.R.S. §§ 42–455, 456 and 457, sent a registered letter addressed to Mary Emma Stitt at her last known address, published a notice in the Arizona Weekly Gazette for four consecutive weeks that a Treasurer's Deed had been applied for as to the property in question, together with the other information required by the statute, and posted the requisite notice on the property itself. The letter was returned to the Treasurer's office. No actual notice was received by Goss until after the Treasurer's Deeds had

been issued and recorded. This action in the lower court was thereafter immediately filed.

This matter is controlled by this Court's decision in *Johnson v. Mock*, 19 Ariz.App. 283, 506 P.2d 1068 (1973), as well as the Arizona Supreme Court's decision in *Laz v. Southwestern Land Company*, 97 Ariz. 69, 397 P.2d 52 (1964) and the decisions of the Supreme Court of the United States (*Schroeder v. City of New York*, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), and *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)) cited therein. The facts in *Johnson* are almost identical to those here. The property was sold for taxes and a treasurer's deed sought. The owners did not receive actual notice because a quit claim deed, duly recorded, was not picked up on the tax rolls. Notice was sent to the owners as shown on the tax rolls and was not returned to the Treasurer's office, but no notice was posted on the property.

The Olsens have attempted to distinguish *Johnson* on the basis of this latter fact, the failure to post as required by A.R.S. § 42–457. A reading of the case does not permit this construction. The holding clearly goes to the duty to give *actual notice* by mail where the correct information was readily available, even though erroneously excluded from the tax rolls. The reference to the failure to post is at best an afterthought to show that because of the peculiar facts in that case, the presence of a tenant on the property, the posting would probably have resulted in *actual notice* also.

█ While we reject the appellants' argument that the County Treasurer is held to know the contents of all public records regarding any particular piece of property, in light of the decisions in *Johnson, Laz, Schroeder* and *Mullane,* supra, we here hold that the County Treasurer, where he has knowledge that actual notice has not been received pursuant to the letter mailed in accordance with A.R.S. § 42–456 (the letter was returned undelivered in this

case), he must, at a minimum, review his own records to ascertain if the name and address used to initially mail the notice required by A.R.S. § 42–456, was in fact correct. In this case, such a search would have quickly revealed both the death of the record owner and the name and address of the executor of the estate.

While Olsens also take issue with the fact that they have not as yet received the moneys required to be paid upon redemption, as provided in A.R.S. § 42–421, the judgment entered below, in addition to quieting title in Goss, awarded to the Olsens all sums due pursuant to A.R.S. § 42–421. They will receive all moneys contemplated upon the redemption of the property and their interests are therefore fully protected and secure.

The judgment is affirmed.

HAIRE, C. J., and EUBANK, J., concur.