claim priority over the claims set forth in §10509-121 GC.

Counsel shall draw the proper entry.

## HOLMES v BOWEN et

Ohio Appeals, 1st Dist, Hamilton Co

No 5325. Decided Jan. 10, 1938

Joseph T. Harrison, Cincinnati, for appellant.

Dudley M. Outcalt, Cincinnati, Walter M. Locke, Cincinnati, Stewart S. Cooper, Cincinnati, and J. G. Gusweiler, Cincinnati, for appellees.

## OPINION

By MATTHEWS, J.

This was instituted as an ordinary action to foreclose a mortgage upon real estate. The mortgagor and the county treasurer were the original defendants. It proceeded in the usual manner and a decree in foreclosure was entered on February 16th, 1934. The mortgagor not having paid the amount found due, an order of sale was issued, which was returned on April 7th, 1934, showing that the plaintiff had purchased the property. No order confirming the sale was entered then or since.

Nothing further was done in the case until April 5th, 1937, when the plaintiff moved that the successor county treasurer, the Village of Deer Park, and the county commissioners be made parties defendant. This motion was granted. Two days later the county auditor, also on motion of the plaintiff, was made a party defendant.

On May 12th, 1937, the Village of Deer Park filed an answer asserting a first lien for assessments, and denying all allegations of the petition.

On June 11th, 1937, the plaintiff filed a pleading denominated "Supplemental Petition," in which she alleged that she had not authorized the purchase of the property, and that there were confiscatory taxes and assessments charged against the property, which, if held valid, would render the property valueless to her. She expressed a willingness to take the property if the court would "modify the situation by fixing said taxes and assessments in a sum which together with the sum which is due her does not exceed the fair market value of said lots." She prayed that the taxes and assessments be enjoined in whole or in part.

On July 16th, 1937, the county treasurer filed an answer asserting a lien for taxes and assessments and praying that the treasurer be paid first for delinquent taxes "and if said taxes are not completely paid they shall remain a lien on said property."

On these pleadings the cause came on for hearing on July 19th, 1937, and the court made a separate finding of facts and conclusions of law, the latter being "that the plaintiff is not entitled to an injunction against the whole or any part of said assessments" and "that the supplemental petition be and hereby is dismissed and that she pay the costs."

Notice of appeal on law and facts was duly filed and an appeal bond given.

The case comes before this court upon the defendant's motion to dismiss the appeal.

In passing upon this motion, we are not presented with the necessity of determining the exact extent of the jurisdiction of this court conferred by this appeal, although it is clear that an action for an injunction is a chancery case, in which an appeal on law and facts may be taken to this court.

Nor are we presented at this time with any issue as to the correctness of the procedure adopted in raising the issue of the validity of the taxes and assessments. No objection on that ground was made in the Court of Common Pleas, and none has been made here.

And, of course, the merits of the controversy are not involved in this motion to dismiss the appeal.

The only question is whether the procedural steps have been taken to invest this court with such jurisdiction of this case as has been conferred upon it to hear cases of this class that are properly brought before it.

We find that the procedural requirements have been complied with, and the motion is therefore, overruled.

ROSS, PJ, and HAMILTON, J, concur.