OPINION *Page 2 
{¶ 1} Appellants N. Kathryn and William Walker appeal the August 20, 2007 judgment entry of the Tuscarawas County Court of Common Pleas, Conservancy Division, in favor of Appellee Muskingum Watershed Conservancy District. The relevant facts leading to this appeal are as follows.
 {¶ 2} The Muskingum Watershed Conservancy District ("MWCD") was created in 1933 as part of a comprehensive flood control and water conservation project. The boundaries of the MWCD comprise all, or part of, eighteen counties in eastern Ohio. The water which runs off the land within the MWCD drains into the Muskingum River, which then flows into the Ohio River at Marietta, Ohio. To manage the flow of water in the MWCD, a series of fourteen dams and reservoirs have been constructed. The dams are owned by the United States Army Corps of Engineers, and the reservoirs behind them are owned by the MWCD. The dams and reservoirs within the MWCD were designed with a general life expectancy of fifty years, and have reached nearly seventy years of service.
 {¶ 3} The MWCD is a political subdivision of the State of Ohio, organized under R.C. 6101. The MWCD is governed by a Conservancy Court, made up of one common pleas court judge from each of the eighteen counties. The Conservancy Court appoints a five-person Board of Directors to oversee the operation of the MWCD. The Conservancy Court hears appeals from and objections to the MWCD's activities.
 {¶ 4} Pursuant to R.C. 6101.53, the MWCD may levy a maintenance assessment in order to "maintain, operate, and preserve" the dams, reservoirs and other improvements constructed under the plan. A maintenance assessment, when *Page 3 
levied, must be apportioned on the basis of an official "appraisal of benefits" performed by the Board of Appraisers of the MWCD.
 {¶ 5} Appellants own several parcels of land in Stark County, some of which are located in the MWCD flood plain. In June 2005, the MWCD Board of Directors and the Conservancy Court approved an Amendment to the Official Plan to identify maintenance needs in the watershed, establish a work plan and implement initiatives to enhance water quality and reduce flooding. On March 9, 2006, the Board of Appraisers filed its "Conservancy Appraisal Record." On April 10, 2006, appellants filed an exception/objection to the appraisal record/maintenance assessment, concerning two property parcels owned by appellants. The matter was heard by an authorized magistrate on July 9, 2007, in Stark County. The magistrate, on July 11, 2007, filed findings of fact and conclusions of law, recommending that the Conservancy Court find appellants' exceptions not well taken, and that the annual assessment on appellants' parcels should be $12.00 and $648.00, respectively.
 {¶ 6} On July 25, 2007, appellants filed an objection to the aforesaid decision of the magistrate. On August 13, 2007, the Conservancy Court, sitting in a three-judge panel, overruled the objection and adopted the magistrate's recommendations.
 {¶ 7} On August 1, 2007, the Conservancy Court conducted an evidentiary hearing, sitting en banc, following which it confirmed the Appraisal Record, holding that the estimated costs of constructing the improvements contemplated in the Amended Official Plan would be less than the benefits appraised. Judgment Entry, August 20, 2007, at 1-6. Judge Nunner of Harrison County issued a separate opinion disapproving the Appraisal Report. *Page 4 
 {¶ 8} On September 14, 2007, appellants filed a notice of appeal to the en banc decision of the Conservancy Court. They herein raise the following two Assignments of Error:
 {¶ 9} "I. THE COURT BELOW ERRED TO APPELLANTS' PREJUDICE IN FAILING TO HOLD THAT THE MWCD'S METHODOLOGY WAS FATALLY FLAWED BECAUSE IT CONSTITUTED AN ILLEGAL TAKING BY IMPOSING AN UNAUTHORIZED IMPACT FEE IN THE GUISE OF A SPECIAL ASSESSMENT THAT MUST BE BASED UPON A PECULIAR BENEFIT TO A PARTICULAR PARCEL OF LAND.
 {¶ 10} "II. THE COURT BELOW ERRED TO APPELLANTS' PREJUDICE WHEN IT DENIED APPELLANTS THE EQUAL PROTECTION OF THE LAW: (1) BECAUSE THEIR LAND IS BEING ASSESSED FOR THE BENEFITS BESTOWED UPON OTHERS; AND (2) BECAUSE APPELLANTS' LAND HAS ALREADY BEEN DAMAGED TO BESTOW A BENEFIT UPON LAND LOCATED DOWNSTREAM, THE PROPOSED ASSESSMENT CONSTITUTES A `DOUBLE TAKING' THAT IS NOTHING LESS THAN CONFISCATION WITHOUT COMPENSATION."
 I. {¶ 11} In their First Assignment of Error, appellants argue the trial court erred in failing to find that MWCD lacked legal authority to levy the proposed assessments against them. We disagree.
 {¶ 12} R.C. 6101.53 provides, in pertinent part:
 {¶ 13} "To maintain, operate, and preserve the reservoirs, ditches, drains, dams, levies, canals, sewers, pumping stations, treatment and disposal works, or other *Page 5 
properties or improvements acquired or made pursuant to this chapter, to strengthen, repair, and restore the same, when needed, and to defray the current expenses of the conservancy district, the board of directors of the district may, upon the substantial completion of the improvements and on or before the first day of September in each year thereafter, levy an assessment upon each tract or parcel of land and upon each public corporation within the district, subject to assessments under this chapter, to be known as a conservancy maintenance assessment.* * *"
 {¶ 14} In the absence of proof to the contrary, an appellate court indulges in the presumption that the law was followed in the levying of taxes and special assessments. Holmes v. Bowen (1938), 60 Ohio App. 168,172, 19 N.E.2d 974.
 {¶ 15} Appellants, citing Walsh v. Barron (1899), 61 Ohio St. 15, maintain that a special assessment can only be made when there is a "special and peculiar benefit" bestowed on an owner's property due to a governmental improvement. Appellants challenge the MWCD's reliance on a "run off" theory, particularly as applied to properties located above dams, contending there is no special and peculiar benefit to such lands, and, as such, the assessment on appellants' properties is actually an unauthorized tax or impact fee.
 {¶ 16} However, appellants presently provide minimal connection between the record before us and the aforesaid theory, as applicable to their particular properties. Furthermore, appellants have not provided this Court with a transcript of their individual exception hearing before the magistrate, or with a transcript of the Conservancy Court confirmation hearing. It is well settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the *Page 6 
trial court proceedings and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 400 N.E.2d 384. Even if some of the transcript materials are locatable in other Watershed appeals before this Court, appellants provide no reference thereto. See App. R. 16(A)(7). See, also, App. R. 16(A)(3), requiring an appellant's brief to include a statement of the assignments of error," * * * with reference to the place in the record where each error is reflected." We further note the magistrate's recitation that no exhibits were admitted into evidence on behalf of appellants in their exception/objection to the appraisal record. Magistrate's Decision, July 11, 2007, at ¶ 6.
 {¶ 17} Accordingly, we presume regularity in the proceedings below and are unpersuaded that MWCD lacked legal authority to levy the proposed assessments against appellants in the case sub judice.
 {¶ 18} Appellants' First Assignment of Error is overruled.
 II. {¶ 19} In their Second Assignment of Error, appellants argue the assessment against their land violates their right to equal protection of the law and constitutes an unlawful taking by the government. We disagree.
 {¶ 20} Appellants first contend that under the constitutional guarantee of equal protection, similarly situated land owners must be treated the same. Appellants provide no case law analyzing the equal protection clause in the realm of assessments to property owners, but we find the proper avenue would be to apply the "rational basis" test. Under this test, the legislation must be upheld unless the classification is totally unrelated or irrelevant to the state's goals or purpose for enacting the legislation. Menefee v. Queen CityMetro (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181. The Ohio *Page 7 
Supreme Court has recognized: "If the `equal protection of the laws' must be determined with mathematical nicety and precision, no public improvement, local, state, or national, would be possible. Especially would this be true in drainage improvements and projects." Miami Countyv. Dayton (1915), 92 Ohio St 215, 227.
 {¶ 21} Appellants' limited equal protection argument fails to persuade us that the application of the Board of Appraiser's "run-off" methodology unconstitutionally classifies appellants vis-à-vis other property owners.
 {¶ 22} Appellants secondly contend the assessments against their parcels, which are in a flowage easement and are located within the MWCD floodplain, constitute an unconstitutional double "taking." In essence, appellants argue that the government, via the Corps of Engineers, has already "taken" their land via a prior flow easement, and further assessments against their remaining and abutting land would violate the Ohio Constitution. However, there is no dispute that the prior owner of appellants' property was compensated for the easement. See Appellant's Reply Brief at 5. The apparent detriment to appellants' land via the periodic flooding has long been in place, and their attempt to portray the present assessments as an unconstitutional taking in this scenario is without merit. *Page 8 
 {¶ 23} Accordingly, appellants' Second Assignment of Error is overruled.
 {¶ 24} For the reasons stated in the foregoing opinion, the August 20, 2007 Judgment Entry of the Tuscarawas County Court of Common Pleas, Conservancy Division, is affirmed.
 Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Conservancy Division, Tuscarawas County, Ohio, is affirmed.
 Costs assessed to appellants. *Page 1