[Cite as *Erdman v. Williams*, 2013-Ohio-979.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DIANA ERDMAN AND THE TUSCARAWAS COUNTY CHILD SUPPORT ENFORCEMENT AGENCY | JUDGES: Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. John W. Wise, J. |
| Plaintiffs-Appellees | Case No. 2012 AP 07 0042 |
| -vs- | |
| MARK A. WILLIAMS | O P I N I O N |
| Defendant-Appellant | |

CHARACTER OF PROCEEDING:    Appeal from the Tuscarawas County Court of Common Pleas, Juvenile Division, Case No. 2010 PA 00127

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    March 13, 2013

APPEARANCES:

For Plaintiff-Appellee
Diana Erdman

DOUGLAS JACKSON
214 N. Dawson St.
Uhrichsville, Ohio 44683

For Defendant-Appellant

MARK A. WILLIAMS, PRO SE
484 2nd Dr. NE.
New Philadelphia, Ohio 44663

For Tuscarawas County CSEA

Tuscarawas County CSEA
154 – 2nd Street NE
New Philadelphia, Ohio 44663

*Hoffman, J.*

{¶1} Defendant-appellant Mark Williams appeals the June 29, 2012 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Juvenile Division, which overruled his objections to the magistrate's May 31, 2012 decision, and approved and adopted said decision as order of the court. Plaintiffs-appellees are Diana Erdman and the Tuscarawas County Child Support Enforcement Agency.[1]

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant is the biological father of three of Erdman's children. On April 9, 2010, Appellees filed a complaint to establish child support. Attached to the complaint was an Administrative Order Establishing Child Support issued by CSEA. The trial court adopted the administrative child support and related orders via Judgment Entry filed May 21, 2010.

{¶3} On March 11, 2011, Erdman filed a complaint for custody. Appellant filed a reply on March 16, 2011. The matter came on for hearing before the magistrate on August 19, 2011. The magistrate issued her decision on September 26, 2011, finding it was in the best interest of the minor children to grant legal custody to Erdman. Appellant filed objections to the magistrate's decision. The trial court conducted a hearing on Appellant's objections on October 21, 2011. Via Judgment Entry filed November 1, 2011, the trial court overruled the objections, and approved and adopted the magistrate's decision as order of the court. The trial court indicated Appellant had not provided the trial court with a transcript of the hearing before the magistrate. Appellant did not file an appeal from this judgment entry.

---

[1] Appellees have not filed a brief in this matter.

{¶4} On January 4, 2012, Appellant filed a motion for contempt, asserting Erdman had failed to follow the court's visitation order. The magistrate conducted a hearing on the motion on January 17, 2012. Appellant did not appear at the hearing. Via Decision filed January 23, 2012, the magistrate found Erdman had not violated the court order as the trial court's November 1, 2011 judgment entry did not set forth a specific order of visitation. The magistrate recommended Appellant's motion for contempt be dismissed.

{¶5} Appellant filed a document labeled "Motion for Contempt" on February 1, 2012, requesting he be granted standard visitation with the children. The magistrate ordered no action taken upon Appellant's motion because the filing was neither a proper motion for contempt nor a proper objection to the magistrate's January 23, 2012 decision. The trial court approved and adopted the magistrate's order, and dismissed Appellant's motion for contempt with prejudice.

{¶6} On March 7, 2012, Appellant filed a motion to modify orders regarding visitation. The magistrate conducted a hearing on Appellant's motion to modify on April 16, 2012, and May 24, 2012. On May 10, 2012, Appellant filed a motion to modify orders, requesting shared parenting. Attached to the motion was Appellant's proposed shared parenting plan. Via Decision filed May 31, 2012, the magistrate denied Appellant's motion for shared parenting, finding such was not appropriate. The magistrate also found Erdman had agreed to the court's standard order of visitation with the exception of extended visitations.

{¶7} Appellant filed objections to the magistrate's decision. The trial court scheduled a hearing on the objections for July 9, 2012. Erdman filed a response to the

objections, asserting the objections should be dismissed or overruled as she had not been properly served. Via Judgment Entry filed June 29, 2012, the trial court cancelled the hearing set for July 9, 2012, as a transcript of the proceedings before the magistrate had neither been ordered nor prepared. Additionally, the trial court overruled Appellant's objections, and approved and adopted the magistrate's decision as order of the court.

{¶8} It is from this judgment entry Appellant appeals, assigning as error:

{¶9} "I. THE COURT ERRED WHEN IT ABUSED ITS DISCRETION IN MAKING A RULING IN THE MATTER WITHOUT HAVING HEARD ALL OF THE TESTIMONY AND FACTORING IN ALL OF THE EVIDENCE THAT WAS TO BE PRESENTED.

{¶10} "II. THE MAGISTRATE SHOWED OBVIOUS BIAS IN THE HEARING, NEGLECTING HER DUTY AS A JUDGE TO SHOW IMPARTIALITY AND INSURE A FAIR TRIAL.

{¶11} "III. WHETHER THE TRIAL COURTS RULING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THERE WAS NO TESTIMONY OFFERED OR TAKEN IN ORDER TO CONCLUDE THE EVENTUAL RULING."

I, II, III

{¶12} Initially, we note Appellant's brief does not comply with the rules for a proper brief as set forth in App.R. 16(A). Although Appellant's brief includes a statement of the assignments of error for review, the brief does not include a reference to the place in the record where each error is reflected, in violation of App.R. 16(A)(3). Further, Appellant does not support his arguments on appeal with references to the

record, legal citations, or other authority, in violation of App. R. 16(A)(7). Compliance with the rule is mandatory. Appellant's failure to comply with App. R. 16 is tantamount to failing to file a brief in this matter. *See, State v. Balderson* (Sept. 27, 1999), Stark App. No.1999CA00110, unreported; *State v. Mattingly* (Nov. 25, 1998), Ashland App. No. 98COA01245, unreported. Although this Court has the authority under App.R. 18(C) to dismiss the appeal for failure to file a brief, we, nonetheless, in the interest of justice, will not dispose of appellant's appeal based upon the deficiencies of his brief. Such deficiencies permit this Court to dismiss Appellant's appeal.

{¶13} Appellant failed to file a transcript of the April 16, 2012, and May 24, 2012 hearings before the magistrate as required by App.R. 9(B). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Lab.* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. Because appellant has failed to provide this Court with those portions of the transcript necessary for resolution of the assigned errors, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth above in *Knapp*, supra.

{¶14} Appellant's assignments of error are overruled.

{¶15} The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DIANA ERDMAN AND                        :
THE TUSCARAWAS COUNTY                   :
CHILD SUPPORT ENFORCEMENT               :
AGENCY                                  :
                                        :
    Plaintiffs-Appellees               :
                                        :
-vs-                                    :               JUDGMENT ENTRY
                                        :
MARK A. WILLIAMS                        :
                                        :
    Defendant-Appellant                :               Case No. 2012 AP 07 0042


For the reason stated in our accompanying Opinion, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE