[Cite as *State v. Smith*, 2025-Ohio-5217.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 00035 |
| Plaintiff - Appellee | Opinion & Judgment Entry |
| -vs- | Appeal from the Licking County Municipal Court, |
| TREVOR JACKSON SMITH, | Case No. 24 TRC 02207 |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment: November 19, 2025 |

BEFORE: William B. Hoffman; Kevin W. Popham; David M. Gormley, Judges

APPEARANCES: Michael S. Cox Jr., Assistant Law Director, Newark, Ohio, for Plaintiff-Appellee; Trevor J. Smith, Mead, Oklahoma, briefed the case on his own behalf as Defendant-Appellant.

*Gormley, J.*

{¶1} Defendant Trevor Smith argues in this appeal that the trial court should have given him more time to review discovery in his case and to subpoena witnesses for his trial. He also alleges that the prosecution improperly tampered with a video recording before it was shown to the jury at his trial. Because we agree with the trial court's decisions both to deny Smith's continuance request and to admit the video recording, we affirm.

**The Key Facts**

{¶2} On March 15, 2024, Smith was cited for operating a vehicle under the influence of alcohol, operating a motor vehicle without a valid license, and disobeying the instructions of a traffic-control device. He entered not-guilty pleas, and his retained

counsel requested and received discovery on April 29, 2024. After Smith failed to appear for a change-of-plea hearing, an arrest warrant was issued. Once Smith had been arrested on that warrant in August of that year, the trial court appointed new counsel for him because his retained counsel withdrew from the case. Court-appointed counsel again requested discovery, and it was delivered by the State on October 23, 2024.

**{¶3}** The trial court granted three of the six continuance motions filed on Smith's behalf during the year-long pendency of this matter. On March 24, 2025, Smith waived his right to counsel following a colloquy with the trial court regarding the perils of self-representation. On April 24, 2025 — four days before the scheduled starting date for his jury trial — Smith requested another continuance, asserting that he needed additional time to review discovery and to issue subpoenas. The trial court denied that request, and the trial began as scheduled, with standby counsel present.

**{¶4}** A jury found Smith guilty of operating a vehicle under the influence of alcohol, and the trial court found him guilty on the traffic-control charge while acquitting him on the license-related charge. The trial court then sentenced Smith to ten days in jail, a fine of $375, and a one-year license suspension.

## Smith Has Not Complied with App.R. 16(A)

**{¶5}** We first note that Smith's appellate brief in this court lacks references to the record, contains no table of authorities or legal citations, and presents no substantive argument. In light of those shortcomings, Smith's brief does not conform to the requirements spelled out in App.R. 16(A), and we certainly could for that reason alone dismiss his appeal. *See Erdman v. Williams*, 2013-Ohio-979, ¶ 12 (5th Dist.) (compliance with App.R. 16 is mandatory, and deficiencies permit dismissal); *Debt Recovery Solutions*

*of Ohio, Inc. v. Lemon*, 2009-Ohio-799, ¶ 16-18 (5th Dist.) (an appellant bears the burden of demonstrating error by reference to the record, and a failure to comply with briefing requirements permits dismissal).

**{¶6}** Nevertheless, in the interest of justice and finality, we address the merits of his claims after reviewing the record such as it is. (Smith has also filed no transcript from his trial.)

## The Trial Court Did Not Err When It Denied Smith's Continuance Request

**{¶7}** We turn first to Smith's claim that the trial court should have given him more time to review discovery and to subpoena witnesses.

**{¶8}** The grant or denial of a continuance rests within the trial court's sound discretion. *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). An abuse of discretion has occurred when the trial court's decision was "unreasonable, arbitrary, or unconscionable" and was not "merely an error of law or judgment." *State v. Thompson*, 2015-Ohio-92, ¶ 18 (5th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶9}** In evaluating a defendant's request for a continuance in a criminal case, courts must balance the defendant's interest in adequate preparation against the court's interest in controlling its docket and the public's interest in prompt justice. *Unger* at 67. When evaluating whether a trial court abused its discretion when ruling on a continuance request, we consider the length of delay requested; whether other continuances were requested and received; any inconvenience to litigants, witnesses, counsel, and the court; whether the requested delay was for legitimate reasons or was dilatory; whether the defendant contributed to the circumstances necessitating the request; and other relevant factors depending on the unique facts of each case. *Id*. at 67-68.

{¶10} The Supreme Court of Ohio has explained that a trial court's decision denying a continuance request cannot be viewed as an abuse of discretion when defense counsel has sought additional time to interview witnesses and prepare but has presented no facts indicating the identity of the witnesses, the materiality of their testimony, or the reasonable likelihood that they could be found. *State v. Sowders*, 4 Ohio St.3d 143, 145 (1983); s*ee also State v. Prom*, 2005-Ohio-2272, ¶ 12 (12th Dist.) (finding no abuse of discretion by a trial court that denied a continuance request where a defendant contributed to the circumstances requiring a continuance by waiting until the day of trial to request the continuance and by failing to identify the witnesses or establish the materiality of their testimony even though any witnesses "should have been easily known").

{¶11} The record in our case demonstrates that the trial court properly exercised its discretion. This misdemeanor case was pending before the court for more than a year, during which time Smith was represented in succession by two attorneys who each requested and received discovery. The trial court had already granted four continuances, three of which Smith had requested, and he waived his right to counsel one month before trial. Then just four days before the trial date, he requested a continuance, claiming that he could not adequately prepare for trial without additional time to review the discovery materials. He indicated, too, that he needed more time to issue subpoenas.

{¶12} Smith's motion included no relevant facts that might have supported his request. He did not identify the discovery materials that he had not yet reviewed, how much additional time he needed, or how any additional time would affect his preparation. Further, he did not identify the defense witnesses he intended to subpoena or explain

how any additional time would have enabled him to locate and serve them. At no point during the year-long pendency of this case did Smith disclose any potential defense witnesses through either of his two attorneys.

{¶13} Resolution of the case had already repeatedly been delayed. Another delay would have inconvenienced the court and the State's witnesses and would have undermined the efficient administration of justice. The requested delay was neither for legitimate reasons nor supported by relevant facts, and we see in the record no justification for Smith's decision to wait until four days before his trial to ask for more time to prepare.

{¶14} Smith's self-representation does not warrant special treatment. The Supreme Court of Ohio has repeatedly explained that "'pro se litigants . . . must follow the same procedures as litigants represented by counsel.'" *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5. Non-attorney litigants who choose to represent themselves in court are also "'presumed to have knowledge of the law and legal procedures and . . . are held to the same standard as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001).

{¶15} The trial court soundly balanced the competing interests and chose not to delay the trial. We see no abuse of discretion in that ruling. Smith's first and second assignments of error are overruled.

**The Trial Court Properly Admitted the Video Evidence**

{¶16} Smith also challenges the trial court's decision to admit as trial exhibits some video footage from a law-enforcement officer's dash camera and body camera. Those recordings had been improperly altered by the State, Smith says, and he claims that the jury's consideration of them violated his constitutional rights. This claim fails for two independent reasons.

{¶17} First, as we noted above, Smith has failed to provide us with a trial transcript. App.R. 9(B) obligates an appellant to ensure that necessary proceedings are transcribed. When portions of the transcript necessary to resolve assigned errors are omitted, a reviewing court must presume the validity of the lower court's proceedings. *Walker v. Muskingum Watershed Conservancy Dist.*, 2008-Ohio-6901, ¶ 16 (5th Dist.); *State v. Myers*, 2004-Ohio-3715, ¶ 14 (5th Dist.), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197 (1980).

{¶18} Without a transcript of the trial — including any testimony establishing or failing to establish a foundation for the recordings' admission as exhibits and any objections to them — we have no basis to conclude that the trial court abused its discretion when it admitted the exhibits. We must presume regularity and affirm.

{¶19} Second, we note that Smith's bare assertion that the videos were "modified" finds no support in the record. The State's brief indicates that a law-enforcement officer authenticated the recordings by testifying that he recognized them and that they were true and accurate recordings of the traffic stop. Smith has identified nothing in the record that casts doubt on that claim, and that kind of testimony would of course typically satisfy any foundational requirements. *State v. Freeze*, 2012-Ohio-5840, ¶ 70 (12th Dist.) (an

officer's testimony that a video fairly and accurately depicted events is sufficient to authenticate).

{¶20} We have no reason to doubt that the trial court acted within its discretion when it admitted the videos in question as exhibits. Smith's third assignment of error is overruled.

{¶21} For the reasons explained above, the judgment of the Licking County Municipal Court is affirmed. Costs are to be paid by Appellant Trevor Smith.

By: Gormley, J.;

Hoffman, P.J. and

Popham, J. concur.